1 | SEYFARTH SHAW LLP
Michael F. Marino, III (*pro hac vice* forthcoming)
2 | mmarino@seyfarth.com
620 Eighth Avenue, 32nd Floor
3 | New York, NY 10019
Telephone: (212) 218-5500
4 | Facsimile: (212) 218-5526

5 | SEYFARTH SHAW LLP
Michael D. Mandel (State Bar No. 216934)
6 | mmandel@seyfarth.com
Rocio Herrera (State Bar No. 237139)
7 | rherrera@seyfarth.com
2029 Century Park East, Suite 3500
8 | Los Angeles, California 90067-3021
Telephone: (310) 277-7200
9 | Facsimile: (310) 201-5219

10 | Attorneys for Defendants
ACCOR NORTH AMERICA, INC. and
11 | MOTEL 6 OPERATING L.P.

FILED
2009 NOV -6  AM 11:36
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY

12 |                    UNITED STATES DISTRICT COURT

13 |                    CENTRAL DISTRICT OF CALIFORNIA

14 | MONICA GOULD AND PATRICIA ) Case No. CV09 08157 CAS FMO
SANCHEZ, individually, and on behalf of )
15 | all others similarly situated, current and )
former employees of Motel 6 Inc., ) **DEFENDANTS ACCOR NORTH**
16 |                Plaintiffs, ) **AMERICA, INC. AND MOTEL 6**
) **OPERATING L.P.'S NOTICE OF**
) **REMOVAL**
17 |        v. )
) **[CLASS ACTION FAIRNESS**
18 | MOTEL 6 INC., a Delaware corporation; ) **ACT OF 2005]**
ACCOR NORTH AMERICA, INC., a )
19 | Delaware corporation; MOTEL 6 O.L.P., ) Complaint Filed:   August 13, 2009
an unknown business entity; STUDIO 6, )
20 | an unknown business entity; and DOES 1 )
through 100, inclusive, )
21 |                               )
22 |                Defendants. )
)

23 |        TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL

24 | DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR COUNSEL

25 | OF RECORD:

26 |        PLEASE TAKE NOTICE that Defendants Motel 6 Operating L.P.

27 | (erroneously sued and served as Motel 6 O.L.P.) and Accor North America, Inc.

28 | hereby remove the above-referenced action from the Superior Court of the State of

                                        1
                                        DEFENDANTS' NOTICE OF REMOVAL
                          Case No. _____

California for the County of Los Angeles, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. sections 1441 and 1446, asserting original federal jurisdiction under 28 U.S.C. section 1332(d)(2), and state that this Court has jurisdiction over the action pursuant to the Class Action Fairness Act of 2005 ("CAFA") for the following reasons.

## BACKGROUND

1.     This removal involves an action that was filed in the Superior Court of the State of California for the County of Los Angeles, entitled *Monica Gould and Patricia Sanchez v. Motel 6 Inc., Accor North America, Inc., Motel 6 O.L.P., and Studio 6*, Case No. BC 419769.  A true and correct copy of the Summons and Complaint in this action is attached hereto as Exhibit A.

2.     The Complaint purports to assert eight claims for relief against Defendants stemming from plaintiffs Monica Gould and Patricia Sanchez's (collectively, "Plaintiffs") employment and Defendants' alleged failure to observe, as to Plaintiffs and a purported class of similarly situated individuals,[1] requirements set forth in California Labor Code §§ 226.7 and 512 (failure to provide meal and rest breaks), §§ 221 and 2802 (unlawful collection or receipt of wages previously paid and failure to indemnify for expenditures in discharge of duties), § 1194 (failure to pay overtime compensation), §§ 226 and 1174 (failure to provide accurate wage statements and maintain required records), §§ 1197 and 1197.1 (failure to pay minimum wage), §§ 201, 202, 203, and 227.3 (failure to pay wages upon termination), and in Business & Professions Code §§ 17200, *et seq.* (unfair competition).[2]

3.     Plaintiffs have filed this action as a putative class action.  While they have not properly pleaded a class definition, they apparently also seek to represent

---

[1]     Defendants dispute, and reserve the right to contest at the appropriate time, Plaintiff's allegations that this action can properly proceed as a class action.
[2]     Complaint ¶¶ 1, 12-25.

DEFENDANTS' NOTICE OF REMOVAL
Case  No. _____

a class of all "current and former non-exempt employees of DEFENDANTS, for a period of time within the four (4) years preceding the filing of this action."[3]

## IDENTITY OF PARTIES

4.      Plaintiffs both worked as housekeepers at a single Motel 6 location in Simi Valley, California.  At all times, their employer was Motel 6 Operating L.P., a Delaware limited partnership.

5.      Accor North America, Inc. (hereinafter "Accor") is a Delaware corporation with its principal place of business in Carrollton, Texas.  Accor is the managing general partner of Motel 6 Operating L.P.

6.      Motel 6 Inc. previously existed as a legal entity, but does not currently exist, and has not existed at any time in the four year period preceding the filing of this action.  As such, it has no capacity to be a party to litigation.

7.      Studio 6 is a marketing brand of Motel 6 Operating L.P.  It is not now, nor has it ever been, a legal entity.  As such, has no capacity to be a party to litigation.

8.      Defendants have not secured the consent of the "DOE" Defendants before removing this action because Defendants does not know the identity of the "DOE" Defendants and have no reason to believe that any of them have been properly served or have voluntarily appeared in this action.  In addition, pursuant to CAFA, Defendants need not obtain the consent of any other defendant to remove this action.  28 U.S.C. § 1453(b).

## TIMELINESS OF REMOVAL

9.      Defendants were served with the Summons and Complaint on October 20, 2009 by Notice and Acknowledgment of Receipt.  A true and correct copy of the Notices and Acknowledgments of Receipt on behalf of Defendant Motel 6 Operating L.P. is attached hereto as Exhibit E.  A true and correct copy of the

---

[3]     Complaint, ¶ 3.

3

1  Notices and Acknowledgments of Receipt on behalf of Defendant Accor North

2  America, Inc. is attached hereto as Exhibit F.

3      10.    This Notice of Removal is timely as it is filed within thirty (30) days

4  of the first receipt by Defendants of a copy of a pleading, motion, order or other

5  papers from which it may first be ascertained that this action is removable.  28

6  U.S.C. § 1446(b).

7      **<u>ORIGINAL JURISDICTION – CLASS ACTION FAIRNESS ACT</u>**

8      11.    The Court has original jurisdiction of this action under CAFA,

9  codified in relevant part in 28 U.S.C. section 1332(d)(2).  As set forth below, this

10  action is properly removable, pursuant to the provisions of 28 U.S.C. section

11  1441(a), as the amount in controversy exceeds $5,000,000, exclusive of interest

12  and costs, and is a class action in which at least one class member is a citizen of a

13  state different from that of Defendant.

14      **<u>DIVERSE CITIZENSHIP OF THE PARTIES</u>**

15      **Plaintiffs Are Citizens of California**

16      12.    **Plaintiffs' Citizenship.**  Plaintiffs are, and at all times since the

17  commencement of this action have been, citizens and residents of the State of

18  California.  To establish citizenship for diversity purposes, a natural person must

19  be both (a) a citizen of the United States and (b) a domiciliary of one particular

20  state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).

21  Residence is *prima facie* evidence of domicile. *State Farm Mutual Auto Insurance*

22  *Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).  Plaintiffs allege in the Complaint

23  that they performed work for Defendants in Los Angeles County.[4]  Moreover, at all

24  times relevant to this lawsuit, Plaintiffs both resided in Simi Valley, California.

25  Therefore, Plaintiffs are, or were at the institution of this civil action, citizens of

26  California.

27

28      [4]    Complaint, ¶ 1.

**Defendants are not Citizens of California**

13.    **Motel 6 Operating L.P.'s Citizenship.**  Motel 6 Operating L.P. (hereinafter "Motel 6") at all times employed the Plaintiffs herein, and is the proper party defendant in this action.  Motel 6 is now, and at all times since this action commenced has been, a limited partnership organized under the laws of the State of Delaware.  Further, Motel 6 "principal place of business" is not in California.

14.    The citizenship of a partnership is based on the citizenship of all of the partners, limited or general, of the company.  *See Carden v. Arkoma Associates*, 494 U.S. 185, 195 (1990).  None of the limited or general partners of Motel 6 Operating L.P. are or have been, since the commencement of this action, citizens of California.

A.    **Accor North America, Inc.**  Accor is a 1.99% partner in Motel 6 Operating L.P.  At all times relevant to this lawsuit, including at the time of the commencement of this action, it is and has been incorporated in Delaware, and its principal place of business and executive offices are and have been in Carrollton, Texas.

B.    **IBL Limited, LLC.**  IBL Limited, LLC is a 98.01% partner of Motel 6 Operating L.P.  At all times relevant to this lawsuit, including at the time of the commencement of this action, it is and has been incorporated in Delaware, and its principal place of business and executive offices are and have been in Carrollton, Texas.

15.    **Motel 6 Operating L.P.'s Principal Place of Business.**  Further demonstrating that Motel 6 is not a "citizen" of California is that California is not its principal place of business under the tests the Ninth Circuit applies in assessing corporate citizenship.  The first test, "place of operations" test examines which state "contains a substantial predominance of corporate operations." *Industrial Tectonics, Inc. v. Aero Alley*, 912 F.2d 1090, 1092 (9th Cir. 1990).  Courts in the

5

Ninth Circuit analyze "a number of factors to determine if a given state contains a substantial predominance of corporate activity, including the location of employees, tangible property, production activities, sources of income, and where sales take place." *Tosco Corp. v. Comm. For a Better Environment*, 236 F.3d 495, 500 (9th Cir. 2001). Another relevant factor is the location of the defendant's executive and administrative functions. *Arellano v. Home Depot U.S.A.*, 245 F. Supp. 2d 1102, 1107 (S.D. Cal. 2003).

16.    Where there is no substantial predominance of operations in any one state, a second test, the "nerve center test" applies: "when a corporation has operations spread across many states, the nerve center test is usually the correct approach." *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1029 (9th Cir. 2009); *Arellano*, 245 F. Supp. 2d at 1106 ("This test is generally utilized when a corporation's activities are far flung and operations are conducted in many states"). The "nerve center test," locates a company's "principal place of business in the state where the majority of its executive and administrative functions are performed." *Tosco Corp.*, 236 F.3d at 500 (*citing Industrial Tectonics*, 912 F.2d at 1092-93).

17.    Motel 6's activities are widely dispersed throughout the United States. Indeed, it operates in all 50 states, except Alaska and Hawaii. As of September 2009, Motel 6 had 11,377 employees nationwide. Of those employees, 2,909 are in California. During all times relevant to this lawsuit and to the present, Motel 6 has derived approximately 20% of its annual revenue from California. As such, Motel 6's business operations do not "substantially predominate" in California. *See Davis,* 557 F.3d at 1029-30 (holding that, even if a nationwide company's business operations "predominate" in California, it will nevertheless not be found to be a citizen of California unless "a *substantial* predominance of its activities are located in California; it will not be a citizen of California merely because its operations in California cater to California's larger population.") (emphasis added).

DEFENDANTS' NOTICE OF REMOVAL
Case No. _____

18.     Because Motel 6's business operations do not substantially predominate in any one state, much less in California, the "nerve center test" is the applicable test to determine the company's principal place of business.  Some relevant considerations under this test include where the directors and owners meet and live, where the executives live and work, where the administrative and financial offices and records are located, where the "home office" is located, where policy decisions are made, and where day-to-day control of the business is exercised.  *See Unger v. Del E. Webb Corp.*, 233 F. Supp. 713, 716 (ND Cal. 1964).

19.     Motel 6's corporate headquarters is located in Carrollton, Texas. From its headquarters in Carrollton, Texas, Motel 6 conducts such executive operations, including but not limited to, those relating to firm-wide policies and procedures, human resources, legal affairs, marketing, tax, benefits, information technology, finance, and general operations of its hotel operations.  Many of Motel 6's high-level executives, including the Chief Executive Officer and the Chief Operating Officer, maintain offices in Carrollton, Texas.

20.     As demonstrated above, Motel 6 is not now, and was not at the time of the filing of the Complaint, a citizen of the state of California within the meaning of the Acts of Congress relating to the removal of cases.

21.     **Accor North America, Inc.**  For purposes of removal under CAFA, there need only be "minimal" diversity, i.e., if *any* class member is a citizen of a different state than *any* defendant, sufficient diversity exists for removal under CAFA.  28 U.S.C. §§ 1332(d)(2),  1332(d)(5)(B).  As demonstrated and discussed above, Motel 6 Operating L.P., the only proper defendant in this action, has diverse citizenship from the named Plaintiffs herein.  Accordingly, Accor's citizenship is irrelevant to this removal.  Nevertheless, Accor is also diverse from Plaintiffs. Accor is now, and was at the time of the filing of this action, a citizen of a State other than California within the meaning of 28 U.S.C. section 1332(c)(1).  Section

7

1332(c)(1) states that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

22.   Accor is now, and at all times since this action commenced has been, a corporation organized under the laws of the State of Delaware.

23.   Accor's principal place of business is Carrollton, Texas.

24.   Accor's activities are widely dispersed throughout the United States. It oversees operations all of the 50 states, except Alaska and Hawaii.

25.   Because Accor's business operations do not substantially predominate in any one state, the "nerve center test" is the applicable test to determine the company's principal place of business.  Some relevant considerations under this test include where the directors and owners meet and live, where the executives live and work, where the administrative and financial offices and records are located, where the "home office" is located, where policy decisions are made, and where day-to-day control of the business is exercised. *See Unger v. Del E. Webb Corp.*, 233 F. Supp. 713, 716 (ND Cal. 1964).

26.   Accor's corporate headquarters and executive offices are located in Carrollton, Texas.  From its headquarters in Carrollton, Texas, Accor conducts such executive operations, including but not limited to, those relating to firm-wide policies and procedures, human resources, legal affairs, marketing, tax, benefits, information technology, finance, and general operations of its hotel operations. Many of Accor's high-level executives, including the Chief Executive Officer and the Chief Operating Officer, maintain offices in Carrollton, Texas.

27.   As demonstrated above, Accor is not now, and was not at the time of the filing of the Complaint, a citizen of the state of California within the meaning of the Acts of Congress relating to the removal of cases.

28.   **Doe Defendants.** Pursuant to 28 U.S.C. section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes

8

1   of establishing removal jurisdiction under 28 U.S.C. section 1332. *Fristos v.*

2   *Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants

3   are not required to join in a removal petition). Thus, the existence of Doe

4   Defendants one through one hundred, inclusive, does not deprive this Court of

5   jurisdiction.

6   ### AMOUNT IN CONTROVERSY

7       29.    The claims of the individual members in a class action are aggregated

8   to determine if the amount in controversy exceeds the sum or value of $5,000,000.

9   28 U.S.C. § 1332(d)(6). In addition, Congress intended for federal jurisdiction to

10  be appropriate under CAFA "if the value of the matter in litigation exceeds

11  $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the

12  defendant, and regardless of the type of relief sought (e.g., damages, injunctive

13  relief, or declaratory relief)." Senate Judiciary Committee Report, S. REP. 109-14,

14  at 42. Moreover, the Senate Judiciary Committee's Report on the final version of

15  CAFA makes clear that any doubts regarding the maintenance of interstate class

16  actions in state or federal court should be resolved in favor of federal jurisdiction.

17  S. REP. 109-14, at 42-43 ("[I]f a federal court is uncertain about whether 'all

18  matters in controversy' in a purported class action 'do not in the aggregate exceed

19  the sum or value of $5,000,000, the court should err in favor of exercising

20  jurisdiction over the case . . . Overall, new section 1332(d) is intended to expand

21  substantially federal court jurisdiction over class actions. Its provisions should be

22  read broadly, with a strong preference that interstate class actions should be heard

23  in a federal court if properly removed by any defendant.").

24      30.    The alleged amount in controversy in this class action exceeds, in the

25  aggregate, $5,000,000. The Complaint alleges a putative class that consists of all

26  non-exempt (hourly) employees in the State of California in the last four years. As

27  pleaded, this includes thousands of employees in total. As of October 9, 2009,

28  Motel 6 has 2,675 hourly employees in California. At all times relevant to this

DEFENDANTS' NOTICE OF REMOVAL
Case No. _____

1  lawsuit, Motel 6 has had approximately the same number of hourly employees.  As

2  set forth below, the amount in controversy implicated by the class-wide allegations

3  far exceeds $5,000,000.[5]

4     31.    **Unpaid Meal/Rest Break Compensation.**  Plaintiffs seek recovery

5  for alleged (1) failure to provide meal periods and (2) failure to provide rest

6  breaks.[6]  The money owed for a missed meal period or rest break pursuant to Labor

7  Code section 226.7 is one hour of an aggrieved employee's pay for each violation.[7]

8  Based on the allegations that Plaintiffs and the class members were not provided

9  statutorily-required meal and rest breaks each workday during the class period, the

10 total amount in controversy based on these claims alone would be (2,675 hourly

11 employees) × (4 years of class period) × (52 weeks/year) × (5 shifts per work

12 week) x ($6.75 hourly rate[8]) = **$18,775,500.**

13    32.    **Overtime Compensation.**  Although the foregoing alone establishes

14 to a legal certainty that the amount in controversy exceeds $5 million, Plaintiffs

15 separately allege that the putative class members worked in excess of 8 hours per

16 day and 40 hours per week without receiving overtime compensation; Plaintiffs

17

---

18 [5]    In addition to the amount of damages that Defendants can ascertain as set
19 forth herein, Plaintiffs allege additional claims on a class-wide basis.  For example,
   Plaintiffs plead a claim for failure to reimburse employees for expenditures
20 incurred in the discharge of duties.  Due to the lack of any facts pleaded to support
   those claims, Defendants cannot presently ascertain the amount in controversy for
21 those claims.
   [6]    Complaint ¶¶ 2-3, 10, 16-19, 22-25, 27, 32.
22 [7]    Labor Code section 226.7 provides a penalty of one hour of pay for each day
   in which a meal or rest period is not provided in accordance with the law.
23 California law defines the extra hour of pay under section 226.7 as a wage, not a
   penalty.  *Murphy v. Kenneth Cole Productions, Inc.* 40 Cal. 4th 1094 (2007).
24 Thus, the statute of limitations for the 226.7 claims is three years, and is extended
   an additional year pursuant to the four year statute of limitations available under
25 Business & Professions Code section 17200.
   [8]    The minimum wage was $6.75 at the beginning of the relevant time period,
26 changed to $7.50 on January 1, 2007, and $8.00 on January 1, 2008.  All
   employees have at all times earned at least the minimum wage.  For purposes of
27 these calculations, Defendants use the lowest minimum wage to demonstrate that,
   even at the lowest possible hourly rate, the amount in controversy exceeds $5
28 million.

DEFENDANTS' NOTICE OF REMOVAL
Case No. _____

claim unpaid overtime compensation for the putative class from August 2005.[9] Using a conservative estimate of only one hour of alleged unpaid overtime compensation per week, the amount in controversy based on this claim would be the sum of (2,675 hourly employees) × (4 years of class period) × (52 weeks/year) × (one overtime hour per week) × ($6.75 hourly rate) × (1.5 overtime premium multiplier) = **$5,663,550.**

33.   **Waiting-Time Penalties.**   Plaintiffs also seek penalties for alleged violations of Labor Code section 203, for failure to pay employees all wages due and payable at the time of termination of employment.[10]   If Plaintiffs prevailed on this claim on a class-wide basis, each class member whose employment was terminated in the class period could be entitled to up to 30 days' wages.  From 2005 through September 30, 2009, approximately 6,500 hourly housekeepers (the position held by the two Plaintiffs) in California have quit or been terminated. Assuming that these hourly employees who quit or resigned earned even the lowest applicable minimum wage during the relevant time period, and further assuming they would be entitled to eight hours of pay for 30 days in penalties, then potential exposure for the waiting time penalties amounts to ($6.75 hourly rate) × (8 hours per day) x (30 days) x (6,500 hourly employees who quit or were terminated) = **$10,530,000.**

34.   **Wage Statement Penalties.**   Plaintiffs also seek penalties for alleged violations of Labor Code section 226, for failure to maintain accurate time records and wage statements.[11]   If Plaintiffs prevailed on this claim on a class-wide basis, each class member could be entitled to penalties of up to a statutory maximum of $4,000.  *See* Labor Code § 226(e).  The total potential amount in controversy

---

[9]   Complaint ¶¶ 2-3, 10, 19, 27, 32, and 34-37.
[10]   Complaint, ¶¶ 2-3, 10, 19, 27, 32, 35, 40, 48, and 53.
[11]   Complaint, ¶¶ 39-40.

DEFENDANTS' NOTICE OF REMOVAL
Case No. _____

1   regarding these penalties would be ($4,000 maximum statutory penalty) x (2,675

2   hourly employees) = **$10,700,000**.

3       35.   **Attorneys' Fees:** The Complaint also alleges that putative class

4   members are entitled to recover attorneys' fees.[12]  Requests for attorneys' fees

5   must be taken into account in ascertaining the amount in controversy.  *Galt G/S v.*

6   *JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory

7   attorneys' fees are to be included in amount in controversy, regardless of whether

8   award is discretionary or mandatory).

9       36.   Thus, although Defendants deny Plaintiffs' allegations or that

10  Plaintiffs, or the class that they purport to represent, are entitled to the relief for

11  which they have prayed, based on Plaintiffs' allegations and prayer for relief, the

12  amount in controversy based only on Plaintiffs' claims for missed meal and rest

13  breaks, unpaid overtime, Section 203 penalties, and Section 226 penalties

14  (approximately $44 million) easily exceeds the $5,000,000 threshold set forth

15  under 28 U.S.C. section 1332(d)(2).

16      37.   Because diversity of citizenship exists – Plaintiffs being citizens of the

17  State of California and Defendants being citizens of the States of Delaware and

18  Texas – and because the amount in controversy exceeds $5,000,000, this Court has

19  original jurisdiction of the action pursuant to 28 U.S.C. section 1332(d)(2).  This

20  action is therefore a proper one for removal to this Court.

21                              **VENUE**

22      38.   Venue lies in the United States District Court for the Central District

23  of California pursuant to 28 U.S.C. sections 1441, 1446(a), and 84(c)(2).  This

24  action originally was brought in the Superior Court of the State of California,

25  County of Los Angeles, which is located within the Central District of the State of

26  California, Western Division.  Therefore, venue is proper because it is the "district

27

28  [12]   Complaint, ¶¶ 19, 27, 32, 37, 40, 48, and 53.

DEFENDANTS' NOTICE OF REMOVAL
Case No. _____

1 and division embracing the place where such action is pending." 28 U.S.C.

2 § 1441(a).

3 **NOTICE OF REMOVAL**

4      39.    A true and correct copy of this Notice of Removal will be promptly

5 served on Plaintiffs and filed with the Clerk of the Superior Court of the State of

6 California for the County of Los Angeles, as required under 28 U.S.C. section

7 1446(d).

8      40.    In compliance with 28 U.S.C. section 1446(a), Defendants have

9 attached herein a copy of the state-court papers served on them to date– the

10 Summons and Complaint (Exhibit A), Notice of Case Assignment and ADR

11 Packet (Exhibit B); Notice of Case Re-Assignment (Exhibit C); and Notice of Case

12 Management Conference (Exhibit D); Notice and Acknowledgment of Receipt of

13 the Summons and Complaint on behalf of Motel 6 Operating L.P. (Exhibit E); and

14 Notice and Acknowledgment of Receipt of the Summons and Complaint on behalf

15 of Accor North America, Inc. (Exhibit F).

16      WHEREFORE, Defendants Motel 6 Operating L.P. and Accor North

17 America, Inc. pray that the above action pending before the Superior Court of the

18 State of California for the County of Los Angeles be removed to the United States

19 District Court for the Central District of California, Western Division.

20 Dated: November 6, 2009       SEYFARTH SHAW LLP

21

22                      By

23                        Michael D. Mandel

24                      Attorneys for Defendants
                       ACCOR NORTH AMERICA, INC.
                     and MOTEL 6 OPERATING L.P.

25

26

27

28

13

DEFENDANTS' NOTICE OF REMOVAL
Case No. _____

**PROOF OF SERVICE**

STATE OF CALIFORNIA     )
                                 ) ss
COUNTY OF LOS ANGELES  )

     I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021. On November 6, 2009, I served the within documents:

**DEFENDANTS ACCOR NORTH AMERICA, INC. AND MOTEL 6 OPERATING L.P.'S NOTICE OF REMOVAL**

☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐  by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at Los Angeles, California, addressed as set forth below.

☐  by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

☐  electronically by using the Court's ECF/CM System.

    Matthew J. Matern
    RASTEGAR & MATERN
    1010 Crenshaw Boulevard, Suite 1100
    Torrance, California 90501

     I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

     I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

    Executed on November 6, 2009, at Los Angeles, California.

                                  _____
                                   Patricia E. Haden

1

LA1 6898037.1

# Exhibit "A"

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Motel 6 Inc., a Delaware corporation; Accor North
America, Inc., a Delaware corporation; Motel 6
O.L.P., an unknown business entity; Studio 6, an
unknown business entity, and DOES 1 through 100,
inclusive

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 13 2009

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*Monica Gould and
Patricia Sanchez, individually, and on behalf of all
other similarly situated current and former employees
of Motel 6 Inc.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* **BC419769** |

LOS ANGELES SUPERIOR COURT
111 N. HILL STREET
111 N. HILL STREET
LOS ANGELES, CA 90012-3117

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
MATTHEW J. MATERN (State Bar #159798)            (310) 218-5500
RASTEGAR & MATERN, ATTORNEYS AT LAW
1010 CRENSHAW BOULEVARD, SUITE 100
TORRANCE, CALIFORNIA 90501

| DATE: | J. A. CLARKE, CLERK | M. GARCIA | , Deputy |
|---|---|---|---|
| *(Fecha)* | | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*                                            Page 1 of 1

| Form Adopted for Mandatory Use | SUMMONS | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California | | |
| SUM-100 [Rev. July 1, 2009] | | |

Legal
Solutions
Plus

1  MATTHEW J. MATERN (State Bar #159798)
2  RASTEGAR & MATERN, ATTORNEYS AT LAW
   1010 Crenshaw Boulevard, Suite 100
   Torrance, California 90501
3  Tel. (310) 218-5500
   Fax.(310) 218-1155
4
   Attorney for Plaintiffs,
5  Monica Gould, Patricia Sanchez, and
   other similarly situated current and former
6  employees of Motel 6 Inc. et al.

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 13 2009

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9            FOR THE COUNTY OF LOS ANGELES (Central District)

10  Monica Gould and Patricia Sanchez,        )   CASE NO.    BC 419769
    individually, and on behalf of all        )
11  other similarly situated current and      )   CLASS ACTION
12  former employees of Motel 6 Inc.,         )   COMPLAINT
                                              )   1.  Failure to Provide Required
13          Plaintiffs,                       )       Rest Periods (Labor Code
                                              )       § 226.7)
14      vs.                                   )   2.  Failure to Provide Required
                                              )       Meal Periods (Labor Code
15  Motel 6 Inc., a Delaware corporation;     )       §§ 226.7 & 512)
    Accor North America, Inc., a Delaware     )   3.  Unlawful Collection or Receipt
16  corporation; Motel 6 O.L.P., an           )       of Wages Previously Paid and
    unknown business entity; Studio 6, an     )       Failure to Indemnify For
17  unknown business entity, and DOES 1       )       Expenditures in Discharge of
    through 100, inclusive,                   )       Duties (Labor Code §§ 221 and
18                                            )       2802)
            Defendants.                       )   4.  Failure to Pay Overtime
19                                            )       Compensation (Labor Code
                                              )       § 1194)
20                                            )   5.  Failure to Provide Accurate
                                              )       Statements and Maintain
21                                            )       Required Records (Labor Code
                                              )       §§ 226 and 1174)
22                                            )   6.  Failure to Pay Minimum Wage
                                              )       (Labor Code §§ 1197, 1197.1
23                                            )       and IWC Wage Order 4-2001)
                                              )   7.  Failure to Pay Upon
24                                            )       Termination (Labor Code §§
                                              )       201, 202, 203, 227.3)
25                                                8.  Unlawful Business Practices
                                                    (Bus. and Prof. Code § 17200)
26

27                                               DEMAND FOR JURY TRIAL

28

                                    -1-
                          CLASS ACTION COMPLAINT
W:\Gould, Monica\Pleadings\Complaint. d2.wpd

1 PLAINTIFFS MONICA GOULD AND PATRICIA SANCHEZ, individually, and on

2 behalf of all other persons similarly situated, by their attorneys, RASTEGAR & MATERN,

3 ATTORNEYS AT LAW, A PROFESSIONAL CORPORATION, for their Complaint

4 against the DEFENDANTS MOTEL 6, INC., a Delaware corporation; ACCOR NORTH

5 AMERICA, INC. a Delaware Corporation; MOTEL 6 O.L.P., an unknown business entity,

6 and STUDIO 6, an unknown business entity and DOES 1 through 100 inclusive,

7 respectfully allege as follows:

## JURISDICTION

9     1. This Court is the proper Court, and this action is properly filed in the Superior

10 Court of the State of California, County of Los Angeles, because DEFENDANTS'

11 obligations and liability arises in the County of Los Angeles, because DEFENDANTS

12 maintain offices and transact business in the County of Los Angeles, and because the work

13 which is the subject of this action was performed by PLAINTIFFS in the County of Los

14 Angeles.

## PLAINTIFFS

16     2. PLAINTIFFS MONICA GOULD AND PATRICIA SANCHEZ ("NAMED

17 PLAINTIFFS"), and other similarly situated current and former employees in the State of

18 California ("PLAINTIFFS") of MOTEL 6, INC., ACCOR NORTH AMERICA, INC. a

19 Delaware Corporation, MOTEL 6 O.L.P., and STUDIO 6, and DOES 1 through 100

20 inclusive ("DEFENDANTS"), bring this Class Action to recover, among other things,

21 unpaid and illegally calculated overtime compensation, indemnification for expenses,

22 wages and penalties due from illegal deductions, illegal break policies, including meal

23 period policies, failure to maintain required records, interest, attorneys fees, costs, and

24 expenses. The NAMED PLAINTIFFS reserve the right to name additional class

25 representatives.

26     3. PLAINTIFFS are current and former non-exempt employees of

27 DEFENDANTS, for a period of time within the four (4) years preceding the filing of this

28 action.

-2-

**CLASS ACTION COMPLAINT**

W:\Gould, Monica\Pleadings\Complaint. d2.wpd

**DEFENDANTS**

1
2  4. At all relevant times alleged herein, PLAINTIFFS are informed and believe,
3 and thereon allege that MOTEL 6, INC. is, and at all times relevant hereto was, a
4 corporation organized and existing under and by virtue of the laws of the State of
5 Delaware. PLAINTIFFS are further informed and believe, and thereon allege, that MOTEL
6 6, INC. is authorized to conduct business in the State of California, and does conduct
7 business in the State of California.  Specifically, MOTEL 6, INC. maintains offices and
8 conducts business in, and engages in illegal payroll practices or policies in, the County of
9 Los Angeles, State of California.

10  5. At all relevant times alleged herein, PLAINTIFFS are informed and believe,
11 and thereon allege that ACCOR NORTH AMERICA, INC. is, and at all times relevant
12 hereto was, a corporation organized and existing under and by virtue of the laws of the
13 State of Delaware.  PLAINTIFFS are further informed and believe, and thereon allege, that
14 ACCOR NORTH AMERICA, INC. is authorized to conduct business in the State of
15 California, and does conduct business in the State of California.  Specifically, ACCOR
16 NORTH AMERICA, INC. maintains offices and conducts business in, and engages in
17 illegal payroll practices or policies in, the County of Los Angeles, State of California.

18  6. At all relevant times alleged herein, PLAINTIFFS are informed and believe,
19 and thereon allege that MOTEL 6 O.L.P. is authorized to conduct business in the State of
20 California, and does conduct business in the State of California.Specifically, MOTEL 6
21 O.L.P. maintains offices and conducts business in, and engages in illegal payroll practices
22 or policies in, the County of Los Angeles, State of California.

23  7. At all relevant times alleged herein, PLAINTIFFS are informed and believe,
24 and thereon allege that STUDIO 6 is authorized to conduct business in the State of
25 California, and does conduct business in the State of California.Specifically, STUDIO 6
26 maintains offices and conducts business in, and engages in illegal payroll practices or
27 policies in, the County of Los Angeles, State of California

28  8. At all relevant times alleged herein, PLAINTIFFS are informed and
believe, and thereon allege that MOTEL 6, INC. ("MOTEL 6"), ACCOR NORTH

-3-

**CLASS ACTION COMPLAINT**

1  AMERICA, INC., MOTEL 6 O.L.P., and STUDIO 6, are, and at all times relevant hereto
2  were, a corporation organized and existing under and by virtue of the laws of the State of
3  Delaware. PLAINTIFFS are further informed and believe, and thereon allege, that
4  DEFENDANTS MOTEL 6, INC., ACCOR NORTH AMERICA, INC., MOTEL 6 O.L.P.,
5  and STUDIO 6 are authorized to conduct business in the State of California, and do
6  conduct business in the State of California. Specifically, upon information and belief,
7  MOTEL 6, INC., ACCOR NORTH AMERICA, INC., MOTEL 6 O.L.P., and STUDIO 6
8  maintain offices and conduct business in, and engage in illegal payroll practices or policies
9  in, the County of Los Angeles, State of California.

10       9.     The true names and capacities of DOES 1-100, inclusive, are unknown to
11  PLAINTIFFS who therefore sue said DOE Defendants by fictitious names. PLAINTIFFS
12  will amend this Complaint to show their true names and capacities when they have been
13  ascertained. The DEFENDANTS, and each of them, were alter egos of each other and/or
14  engaged in a joint enterprise with each other. Additionally, all of the DEFENDANTS were
15  joint employers of the PLAINTIFFS.

16       10.    At all relevant times herein, PLAINTIFFS were employed by
17  DEFENDANTS under employment agreements that were partly written, partly oral, and
18  partly implied. In perpetrating the acts and omissions alleged herein, DEFENDANTS, and
19  each of them, acted pursuant to and in furtherance of their policies and practices of not
20  paying PLAINTIFFS all wages earned and due, through methods and schemes which
21  include but are not limited to, failing to pay overtime premiums; failing to provide rest and
22  meal periods; failing to properly maintain records; failing to provide accurate itemized
23  statements for each pay period; and requiring, permitting or suffering the employees to
24  work off the clock, in violation of California Labor Code and Industrial Welfare
25  Commission ("IWC") Orders.

26       11.    PLAINTIFFS are informed and believe and thereon allege that each and
27  every of the acts and omissions alleged herein were performed by, and/or attributable to, all
28  DEFENDANTS, each acting as agents and/or employees, and/or under the direction and

-4-

CLASS ACTION COMPLAINT

1  control of each of the other DEFENDANTS, and that said acts and failures to act were

2  within the course and scope of said agency, employment and/or direction and control.

3    12.    As a direct and proximate result of the unlawful actions of DEFENDANTS,

4  PLAINTIFFS have suffered and continue to suffer from loss of earnings in amounts as yet

5  unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

6    **CLASS ACTION DESIGNATION**

7    13.    This action is appropriately suited for a Class Action because:

8    A.    The potential class is a significant number.  Joinder of all current and

9  former employees individually would be impractical.

10    B.    This action involves common questions of law and fact to the

11  potential class because the action focuses on the DEFENDANTS' systematic course of

12  illegal payroll practices and policies, which was applied to all hourly employees in violation

13  of the California Labor Code, IWC Orders, and the California Business and Professions

14  Code which prohibits unfair business practices arising from such violations.

15    C.    The claims of the NAMED PLAINTIFFS are typical of the class

16  because DEFENDANTS subjected all of their hourly employees to the identical violations

17  of the California Labor Code and California Business and Professions Code.

18    D.    The NAMED PLAINTIFFS are able to fairly and adequately protect

19  the interests of all members of the class because it is in their best interests to prosecute the

20  claims alleged herein to obtain full compensation due to them for all services rendered and

21  hours worked.

22    **FIRST CAUSE OF ACTION**

23    **Failure to Provide Required Rest Periods**

24    **(California Labor Code § 226.7)**

25    **AS TO ALL DEFENDANTS**

26

27    14.    PLAINTIFFS incorporate herein by specific reference as though fully set

28  forth the allegations in paragraphs 1 through 13 inclusive.

-5-

**CLASS ACTION COMPLAINT**

15.    Pursuant to California Labor Code § 226.7 and Industrial Welfare Commission Wage Order 7-2001, DEFENDANTS are required to provide rest periods to their employees. DEFENDANTS are required to provide a ten minute rest period for every four hours worked or major fraction thereof. Furthermore, DEFENDANTS are required to pay one extra hour of compensation for each day in which a rest period is missed.

16.    PLAINTIFFS were non-exempt employees entitled to the protections of California Labor Code § 226.7 and Wage Order 7-2001. During the course of PLAINTIFFS' employment, DEFENDANTS, pursuant to their policies and procedures, failed to provide their employees with required rest periods.

17.    Furthermore, DEFENDANTS failed to compensate their employees who were entitled to receive, and did not receive, rest periods, with the required extra hour of compensation.

18.    DEFENDANTS failed to provide numerous other persons who are similarly situated to the individual NAMED PLAINTIFFS with required rest periods, and failed to provide required compensation when rest periods were not provided.

19.    In violation of state law, DEFENDANTS have knowingly and wilfully refused to perform their obligations to provide required rest periods, and to provide compensation when rest periods were not provided. As a direct result, PLAINTIFFS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court. DEFENDANTS committed the acts alleged herein knowingly and wilfully, with the wrongful and deliberate intention of injuring PLAINTIFFS, from improper motives amounting to malice, and in conscious disregard of PLAINTIFFS' rights. PLAINTIFFS are thus entitled to recover the unpaid balance of compensation due, wages owed, interest, statutory penalties, nominal, actual, compensatory, punitive, and exemplary damages, attorneys' fees, and costs of suit in amounts according to proof at time of trial, and within the jurisdiction of this Court.

-6-

### SECOND CAUSE OF ACTION

**Failure to Provide Required Meal Periods
(California Labor Code § 226.7)
AS TO ALL DEFENDANTS**

20.     PLAINTIFFS incorporate herein by specific reference as though fully set forth the allegations in paragraph 1 through 19 inclusive.

21.     Pursuant to California Labor Code § 226.7 and Industrial Welfare Commission Wage Order 7-2001, DEFENDANTS are required to provide meal periods to their employees.  DEFENDANTS are required to provide a meal period to any employee who works a shift of more than five (5) hours, and a second meal period to any employee who works a shift of more than ten (10) hours.  Furthermore, DEFENDANTS are required to pay one extra hour of compensation for each missed meal period to their employees who are entitled to receive, and do not receive, meal periods.

22.     PLAINTIFFS were non-exempt employees entitled to the protections of California Labor Code § 226.7 and Wage Order 7-2001.  During the course of PLAINTIFFS' employment, DEFENDANTS, pursuant to their policies and procedures, failed to provide their employees with required meal periods, and/or uninterrupted meal periods.

23.     Furthermore, DEFENDANTS failed to compensate their employees who were entitled to receive, and did not receive, meal periods, and/or uninterrupted meal periods, with the required extra hour of compensation.

24.     Furthermore, DEFENDANTS' employees, including NAMED PLAINTIFFS, were often forced, through necessity of completing their assigned tasks, to work through meal periods and/or portions of meal periods.  In such cases, DEFENDANTS routinely failed to compensate the employees with the required extra hour of compensation, and also, in many cases, altered the employees' time records to reflect that a meal period had been taken when in fact no meal period had been taken.

-7-

**CLASS ACTION COMPLAINT**

W:\Gould, Monica\Pleadings\Complaint. d2.wpd

25.     DEFENDANTS failed to provide numerous other persons who are similarly situated to the individual NAMED PLAINTIFFS with required meal periods, and failed to provide required compensation when meal periods were not provided. Additionally, DEFENDANTS altered the time records of numerous other similarly situated persons to reflect that a meal period had been taken, when in fact no meal period had been taken.

26.     DEFENDANTS' alteration of their employees' time records as described herein violates Wage Order 7-2001, which requires DEFENDANTS to keep accurate records of their employees' meal periods.

27.     In violation of state law, DEFENDANTS have knowingly and wilfully refused to perform their obligations to provide required meal periods, to provide compensation when meal periods are not provided, to compensate PLAINTIFFS for all wages earned and all hours worked, and to keep accurate time records of meal periods.  As a direct result, PLAINTIFFS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court. DEFENDANTS committed the acts alleged herein knowingly and wilfully, with the wrongful and deliberate intention of injuring PLAINTIFFS, from improper motives amounting to malice, and in conscious disregard of PLAINTIFFS' rights.  PLAINTIFFS are thus entitled to recover the unpaid balance of compensation due, wages owed, interest, statutory penalties, nominal, actual, compensatory, punitive, and exemplary damages, attorneys' fees, and costs of suit in amounts according to proof at time of trial, and within the jurisdiction of this Court.

///
///
///

W:\Gould, Monica\Pleadings\Complaint. d2.wpd          **CLASS ACTION COMPLAINT**

## THIRD CAUSE OF ACTION

**Unlawful Collection or Receipt of Wages Previously Paid and Failure to Indemnify For Expenditures in Discharge of Duties (California Labor Code §§ 221 and 2802) AS TO ALL DEFENDANTS**

28.     PLAINTIFFS incorporate herein by specific reference as though fully set forth the allegations in paragraph 1 through 27 inclusive.

29.     Pursuant to California Labor Code § 221 and Industrial Welfare Commission Wage Order 7-2001, DEFENDANTS are prohibited from collecting or receiving wages previously paid, and are required to provide uniforms and equipment to their employees free of charge.  DEFENDANTS are also required, pursuant to California Labor Code § 2802, to indemnify their employees for expenses incurred in the discharge of their duties.

30.     PLAINTIFFS were non-exempt employees entitled to the protections of California Labor Code §§ 221 and 2802, and Wage Order 7-2001.  During the course of PLAINTIFFS' employment, DEFENDANTS, pursuant to their policies and procedures, charged their employees for uniforms and equipment.

31.     DEFENDANTS also charged numerous other persons who are similarly situated to the individual NAMED PLAINTIFFS for uniforms and equipment.

32.     In violation of state law, DEFENDANTS have knowingly and wilfully refused to perform their obligations to provide uniforms and equipment free of charge, and have instead charged their employees for uniforms and equipment required in the discharge of their duties.  As a direct result, PLAINTIFFS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court. DEFENDANTS committed the acts alleged herein knowingly and wilfully, with the wrongful and deliberate intention of injuring PLAINTIFFS, from improper motives

-9-

1   amounting to malice, and in conscious disregard of PLAINTIFFS' rights. PLAINTIFFS

2   are thus entitled to recover the unpaid balance of compensation due, wages owed, interest,

3   statutory penalties, nominal, actual, compensatory, punitive, and exemplary damages,

4   attorneys' fees, and costs of suit in amounts according to proof at time of trial, and within

5   the jurisdiction of this Court.

6

7   **FOURTH CAUSE OF ACTION**

8   **Failure to Pay Overtime Compensation**
    **(California Labor Code §§ 510 and 1194)**
9   **AS TO ALL DEFENDANTS**

10

11   33.   PLAINTIFFS incorporate herein by specific reference as though fully set

12   forth the allegations in paragraphs 1 through 32 inclusive.

13   34.   Pursuant to California Labor Code §§ 510 and 1194, for the four (4) years

14   preceding the filing of this lawsuit, DEFENDANTS were required to compensate

15   PLAINTIFFS for all overtime, which is calculated at one and one-half (1 ½) times the

16   regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40)

17   hours per week, and for the first eight (8) hours of the seventh consecutive work day, with

18   double time after eight (8) hours of the seventh day of any work week, or after twelve (12)

19   hours in any work day.

20   35.   PLAINTIFFS were non-exempt employees entitled to the protections of

21   California Labor Code §§ 510 and 1194.  During the course of PLAINTIFFS' employment,

22   DEFENDANTS failed to compensate PLAINTIFFS for overtime hours worked as required

23   under the foregoing provisions California Labor Code by failing to pay for all hours

24   worked; by requiring, permitting or suffering the employees to work off the clock; by

25   requiring, permitting or suffering the employees to work through breaks; by illegally and

26   inaccurately recording time worked; by failure to indemnify employees for expenses; by

27   improper payroll deductions; through failure to properly maintain records; through

28   falsifying hours worked and through other methods to be discovered.

-10-

**CLASS ACTION COMPLAINT**

36.     In violation of state law, DEFENDANTS have knowingly and wilfully refused to perform their obligations to compensate PLAINTIFFS for all wages earned and all hours worked. As a direct result, PLAINTIFFS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court. DEFENDANTS committed the acts alleged herein knowingly and wilfully, with the wrong and deliberate intention of injuring PLAINTIFFS, from improper motives amounting to malice, and in conscious disregard of PLAINTIFFS' rights. PLAINTIFFS are this entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in amounts according to proof at time of trial, and within the jurisdiction of this Court.

37.     DEFENDANTS' conduct described herein violates Labor Code §§ 510 and 1194. Therefore, PLAINTIFFS are entitled to recover the unpaid balance of overtime compensation DEFENDANTS owe PLAINTIFFS, plus interest, statutory penalties, attorneys' fees, expenses, and costs of suit.

## FIFTH CAUSE OF ACTION

**Failure to Provide Accurate Statements and to Maintain Required Records
(California Labor Code §§ 226 and 1174)
AS TO ALL DEFENDANTS**

38.     PLAINTIFFS incorporate herein by specific reference as though fully set forth the allegations in paragraph 1 through 37 inclusive.

39.     At all relevant times herein, as part of their illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS failed to maintain records as required under Labor Code § 1174, 1174.5 and IWC Orders 1-2001(7) and 1-2001(20), including but not limited to failing to maintain accurate records as to all hours worked by an employee and records of meal periods.

-11-

W:\Gould, Monica\Pleadings\Complaint. d2.wpd

40.    As a proximate result of the aforementioned violations, PLAINTIFFS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, attorneys' fees, and expenses and costs of suit.

## SIXTH CAUSE OF ACTION

### (Failure to Pay Minimum Wage - Labor Code §§ 1194, 1197, 1197.1 and IWC Wage Order 4-2001)
### AS TO ALL DEFENDANTS

41.    PLAINTIFFS incorporates herein by specific reference as though fully set forth the allegations in paragraphs 1 through 40.

42.    Pursuant to California Labor Code §1197, DEFENDANTS are required to pay its employees the minimum wage fixed by the Labor Commission.  Plaintiffs have fully complied with the requirements of Labor Code §§ 2698 *et seq.* by giving the written notice required by Labor Code section 2699.3 by certified mail to the Labor and Workforce Development Agency and Defendant.

43.    Pursuant to Labor Code § 1194: Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

44.    Pursuant to Labor Code § 1197.1 subd. (a): Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission shall be subject to a civil penalty as follows:  (1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid.  (2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed.

-12-

CLASS ACTION COMPLAINT

1   Plaintiffs seek to recover the penalties provided for by Labor Code section 1197.1 pursuant

2   to Labor Code sections 2698 *et seq*. and have fully complied with the pre-suit notification

3   required by Labor Code section 2699.3.

4       45.   PLAINTIFFS were non-exempt employees entitled to the protections of

5   California Labor Code § 1197.  During the course of PLAINTIFFS' employment,

6   DEFENDANTS, pursuant to their policies and procedures, failed to pay their employees

7   the minimum wage because they forced Plaintiffs to work off the clock, thereby paying

8   them nothing for those hours worked.

9       46.   DEFENDANTS failed to pay the minimum wage to numerous other persons

10  who are similarly situated to the individual NAMED PLAINTIFFS.

11      47.   In violation of state law, DEFENDANTS have knowingly and willfully

12  refused to perform their obligations to pay the minimum wage to PLAINTIFFS.  As a direct

13  result, PLAINTIFFS have suffered, and continue to suffer, substantial losses related to the

14  use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys'

15  fees in seeking to compel DEFENDANTS to fully perform their obligations under state

16  law, all to their respective damages in amounts according to proof at time of trial, and

17  within the jurisdiction of this Court.

18      48.   DEFENDANTS committed the acts alleged herein knowingly and willfully,

19  with the wrongful and deliberate intention of injuring PLAINTIFFS, from improper

20  motives amounting to malice, and in conscious disregard of PLAINTIFFS' rights.

21  PLAINTIFFS are thus entitled to recover the unpaid balance of compensation due, wages

22  owed, interest, penalties, nominal, actual, compensatory, punitive, and exemplary damages,

23  attorneys fees, and costs of suit in amounts according to proof at time of trial, and within

24  the jurisdiction of this Court

25  ///
    ///

26

27

28

-13-

CLASS ACTION COMPLAINT

## SEVENTH CAUSE OF ACTION

### (Failure to Pay Wages Upon Termination -
### Cal. Labor Code §§ 201, 202, 203, 227.3)
### AS TO ALL DEFENDANTS

49.    PLAINTIFFS incorporates herein by specific reference as though fully set forth the allegations in paragraphs 1 through 48.

50.    Pursuant to California Labor Code §§201 and 202, employers, including DEFENDANTS, must make timely payment of the full wages due to their employees who quit or have been discharged. California Labor Code §227.3 also requires employers to pay employees for vested vacation time upon termination of employment. California Labor Code §203 provides waiting time penalties for violations of §§201 and 202.

51.    Because Defendants required PLAINTIFFS to work off the clock without compensation and through required meal and rest breaks without compensation, DEFENDANTS have failed and continue to fail to pay the full earned and unpaid wages due to Plaintiffs upon discharge or termination.

52.    DEFENDANTS have failed and continue to fail to timely pay PLAINTIFFS the full earned and unpaid wages due upon discharge or termination by failing to pay all wages due as required either immediately upon discharge of the employee or within 72 hours thereafter.

53.    DEFENDANTS have committed and continue to commit the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring PLAINTIFFS' rights. As a direct result, PLAINTIFFS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court. PLAINTIFFS and members of the class are  therefore also entitled to waiting time penalties pursuant to California Labor Code §203.

-14-

W:\Gould, Monica\Pleadings\Complaint. d2.wpd

## EIGHTH CAUSE OF ACTION

### Unlawful Business Practices
### (California Business and Professions Code § 17200)
### AS TO ALL DEFENDANTS

54.    PLAINTIFFS incorporate herein by specific reference as though fully set forth the allegations in paragraphs 1 through 53 inclusive.

55.    By violating the foregoing statutes, DEFENDANTS' acts constitute unfair and unlawful business practices under California Business and Professions Code § 17200, *et seq.*

55.    DEFENDANTS' violation of California wage and hour laws constitutes a business practice because it was done repeatedly over a significant period of time, and in a systematic manner to the detriment of PLAINTIFFS.

57.    For the four (4) years preceding the filing of this action, PLAINTIFFS have suffered damages and request damages and/or restitution of all monies and profits to be disgorged from DEFENDANTS in an amount according to proof at time of trial, but within the jurisdiction of this Court.

DATED: August 3, 2009

Respectfully submitted,

RASTEGAR & MATERN

By: _____

Matthew J. Matern
Attorneys for Plaintiffs Monica
Gould, Patricia Sanchez, and other
similarly situated current and
former employees of Motel 6,
Inc., Accor North America, Inc.,
Motel 6 O.L.P., and Studio 6

-15-

**CLASS ACTION COMPLAINT**

1

## DEMAND FOR JURY TRIAL

2       Plaintiffs hereby demand a jury trial with respect to all issues triable of right

3   by jury.

4   DATED: August 3, 2009

5                                                        Respectfully submitted,
                                                         RASTEGAR & MATERN
6

7

8                                              By:

9                                                        Matthew J. Matern
                                                         Attorneys for Plaintiffs Monica
9                                                        Gould, Patricia Sanchez, and other
                                                         similarly situated current and
10                                                       former employees of Motel 6,
                                                         Inc., Accor North America, Inc.,
11                                                       Motel 6 O.L.P., and Studio 6

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-16-

**CLASS ACTION COMPLAINT**

# Exhibit "B"

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE
Case Number _____

BC 419769

#### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|
| Hon. Elihu M. Berle | 1 | 534 | | Hon. Holly E. Kendig | 42 | 416 |
| Hon. J. Stephen Czuleger | 3 | 224 | | Hon. Mel Red Recana | 45 | 529 |
| Hon. Luis A. Lavin | 13 | 630 | | Hon. Aurelio Munoz | 47 | 507 |
| Hon. Terry A. Green | 14 | 300 | | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Richard Fruin | 15 | 307 | | Hon. Conrad Aragon | 49 | 509 |
| Hon. Rita Miller | 16 | 306 | | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Richard E. Rico | 17 | 309 | | Hon. Abraham Khan | 51 | 511 |
| Hon. Helen I. Bendix | 18 | 308 | | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Judith C. Chirlin | 19 | 311 | | Hon. John P. Shook | 53 | 513 |
| Hon. Kevin C. Brazile | 20 | 310 | | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Zaven V. Sinanian | 23 | 345 | | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Robert L. Hess | 24 | 314 | | Hon. Jane L. Johnson | 56 | 514 |
| Hon. Mary Ann Murphy | 25 | 317 | | Hon. Ralph W. Dau | 57 | 517 |
| Hon. James R. Dunn | 26 | 316 | | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. David L. Minning | 61 | 632 |
| Hon. John A. Kronstadt | 30 | 400 | | Hon. Michael L. Stern | 62 | 600 |
| Hon. Alan S. Rosenfield | 31 | 407 | | Hon. Kenneth R. Freeman | 64 | 601 |
| Hon. Mary H. Strobel | 32 | 406 | | Hon. Mark Mooney | 68 | 617 |
| Hon. Charles F. Palmer | 33 | 409 | | Hon. Edward A. Ferns | 69 | 621 |
| Hon. Amy D. Hogue | 34 | 408 | | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Gregory Alarcon | 36 | 410 | | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Joanne O'Donnell | 37 | 413 | | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. William F. Fahey | 78 | 730 |
| Hon. Michael C. Solner | 39 | 415 | | Hon. Carl J. West* | 311 | CCW |
| Pending Assignment | 40 | 414 | | Other | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | | |

**\*Class Actions**

All class actions are initially assigned to Judge Carl J. West in Department 311 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____    JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev. 04-09)
LASC Approved 05-06

### NOTICE OF CASE ASSIGNMENT –
#### UNLIMITED CIVIL CASE

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (**Civil only**).

## What Is ADR:
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

## Mediation:
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

### Cases for Which Mediation May Be Appropriate
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

### Cases for Which Mediation May Not Be Appropriate
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

## Arbitration:
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

### Cases for Which Arbitration May Be Appropriate
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

### Cases for Which Arbitration May Not Be Appropriate
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

## Neutral Evaluation:
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

### Cases for Which Neutral Evaluation May Be Appropriate
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

### Cases for Which Neutral Evaluation May Not Be Appropriate
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

## Settlement Conferences:
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

# Exhibit "C"

1  MATTHEW J. MATERN (State Bar #159798)
   RASTEGAR & MATERN, ATTORNEYS AT LAW
2  1010 Crenshaw Boulevard, Suite 100
   Torrance, California 90260
3  Tel. (310) 218-5500
   Fax.(310) 218-1155
4
   Attorney for Plaintiffs,
5  Monica Gould, Patricia Sanchez, and
   other similarly situated current and former
6  employees of Motel 6 Inc. et al.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

               FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT
9

10 Monica  Gould  and  Patricia  Sanchez,   )   CASE NO.: BC419769
   individually, and on behalf of all        )
11 other similarly situated current and former )
   employees of Motel 6 Inc.,                )
12                                            )   NOTICE OF CASE
                Plaintiffs,                   )   RE-ASSIGNMENT
13                                            )
        vs.                                   )
14                                            )
   Motel  6  Inc.,  a  Delaware  corporation; )
15 Accor  North  America,  Inc.,  a  Delaware )
   corporation; Motel 6 O.L.P., an unknown    )
16 business  entity;  Studio  6,  an  unknown )
   business entity, and DOES 1 through 100,   )
17 inclusive,                                 )
                                             )
18              Defendants.                   )
                                             )
19 ─────────────────────────────────────    )

20     **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

21         **PLEASE TAKE NOTICE** that the Court has ordered a Case Reassignment on the

22 above captioned matter . The above entitled action previously assigned to Hon. Judge Carl J.

23 West in Department 311, was assigned to Hon. Judge John Shepard Wiley, Jr. in Department

24 50 for all purposes.

25 [See the attached notice from the clerk.]

26 ///

27 ///

28 ///

───────────────────────────────────────────

                    NOTICE OF CASE RE-ASSIGNMENT

1   DATED: October 1, 2009

2

3                                          RASTEGAR & MATERN

4                                          By:

5                                          Matthew J. Matern
                                           Attorneys for Plaintiffs Monica Gould,
6                                          Patricia Sanchez, and other similarly
                                           situated current and former employees of
7                                          Motel 6, Inc., Accor North America, Inc.,
                                           Motel 6 O.L.P., and Studio 6

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 09/01/09 | | DEPT. 311 |
| HONORABLE CARL J. WEST | JUDGE | E. SABALBURO   DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NONE   Reporter |

| | | |
|---|---|---|
| 8:30 am | BC419769 | Plaintiff Counsel |
| | MONICA GOULD ET AL | NO APPEARANCES |
| | VS | Defendant |
| | MOTEL 6 INC ET AL | Counsel |
| | NON-COMPLEX (09-01-09) | |

**NATURE OF PROCEEDINGS:**

COURT ORDER

This Court makes its determination whether or not this case should be deemed complex pursuant to Rule 3.400 of the California Rules of Court.

This case is designated non-complex and is reassigned to Judge John Shepard Wiley, Jr. in Department 50 at Stanley Mosk Courthouse for all further proceedings.

Court orders any complex case fee paid to be refunded.

Plaintiff is ordered to serve a copy of this minute order on all parties forthwith and file a proof of service in Department 50 within five (5) days of service.

Any party objecting to the non-complex designation must file an objection and proof of service in Department 311 within ten (10) days of service of this minute order. Any response to the objection must be filed in Department 311 within seven (7) days of service of the objection. This Court will make its ruling on the submitted pleadings.

            CLERK'S CERTIFICATE OF MAILING/
               NOTICE OF ENTRY OF ORDER

                  Page   1 of   2   DEPT. 311

| MINUTES ENTERED |
|---|
| 09/01/09 |
| COUNTY CLERK |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 09/01/09 | | DEPT. 311 |
| HONORABLE CARL J. WEST | JUDGE E. SABALBURO | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff NONE | Reporter |

| | | | |
|---|---|---|---|
| 8:30 am | BC419769 | Plaintiff Counsel | NO APPEARANCES |
| | MONICA GOULD ET AL VS MOTEL 6 INC ET AL | Defendant Counsel | |
| | NON-COMPLEX (09-01-09) | | |

**NATURE OF PROCEEDINGS:**

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
09-02-09 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date: 09-02-09

John A. Clarke, Executive Officer/Clerk

By:  **KIN HILAIRE**
 _____
         K. HILAIRE


RASTEGAR & MATERN
Attorneys at Law
Matthew J. Matern, Esq.
1010 Crenshaw Boulevard, Suite 100
Torrance, California  90501

Page   2 of   2    DEPT. 311

MINUTES ENTERED
09/01/09
COUNTY CLERK

# Exhibit "D"

1  MATTHEW J. MATERN (State Bar #159798)
   **RASTEGAR & MATERN**
2  Attorneys at Law, A P.C.
   1010 Crenshaw Boulevard, Suite 100
3  Torrance, California 90501
   Tel:    (310)218-5500
4  FAX:   (310)218-1155

5  Attorney for Plaintiffs,
   Monica Gould, Patricia Sanchez, and
6  other similarly situated current and former
   employees of Motel 6 Inc. et al.

7

8             SUPERIOR COURT OF THE STATE OF CALIFORNIA

9        FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

10

11 Monica Gould and Patricia Sanchez,        )  CASE NO. BC419769
   individually, and on behalf of all        )
   other similarly situated current and      )  **NOTICE OF CASE MANAGEMENT**
12 former employees of Motel 6 Inc.,         )  **CONFERENCE**
                                             )
13              Plaintiffs,                   )
                                             )  Date:    December 15, 2009
14       vs.                                  )  Time:    8:30 a.m.
                                             )  Dept.:   50
15 Motel 6 Inc., a Delaware corporation;     )
   Accor North America, Inc., a Delaware     )
16 corporation; Motel 6 O.L.P., an unknown   )
   business entity; Studio 6, an unknown     )
17 business entity, and DOES 1 through 100,  )
   inclusive,                                )
18                                           )
                Defendants.                   )
19 _____  )

20       **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

21       **PLEASE TAKE NOTICE** that the court has scheduled a Case Management Conference

22 hearing on the above captioned matter on December 15, 2009 at 8:30 a.m., in Department "50" of

23 the above-entitled Court, located at 111 N. Hill Street, Los Angeles, CA 90012.

24 [A copy of the notice from the clerk is attached hereto.]

25 ///

26 ///

27 ///

28 ///

_____

NOTICE OF CASE MANAGEMENT CONFERENCE

1   DATED: October 1, 2009

2                                           Respectfully Submitted,

3                                           RASTEGAR & MATERN

4

5       By:
                                            Matthew J. Matern
6                                           Attorneys for Plaintiffs Monica Gould,
                                            Patricia Sanchez, and other similarly
7                                           situated current and former employees of
                                            Motel 6, Inc., Accor North America, Inc.,
8                                           Motel 6 O.L.P., and Studio 6

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF CASE MANAGEMENT CONFERENCE

NOTICE SENT TO:

Matern, Matthew J., Esq.
Rastegar & Matern, Attorney at Law
1010 Crenshaw Boulevard, Suite 100
Torrance,           CA   90501

# ORIGINAL FILED

### SEP 2 5 2009

## LOS ANGELES
## SUPERIOR COURT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | CASE NUMBER |
|---|---|---|
| MONICA GOULD ET AL | Plaintiff(s), | BC419769 |
| VS. | | |
| MOTEL 6 INC ET AL | Defendant(s). | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

**TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:**

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/ attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for _December 15, 2009_ at _8:30 am_ in _Dept. 50_ at 111 N. Hill Street, Los Angeles, California 90012.

Pursuant to California Rules of Court, 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.  You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order dismissing fictitious/unnamed defendants; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (GC 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, CCP Sections 177.5, 575.2, 583.150, 583.360 and 583.410, GC Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: _September 25, 2009_

## JOHN SHEPARD WILEY JR.
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ ✓ ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[   ] by personally giving the party notice upon filing the complaint.

Date: _September 25, 2009_

John A. Clarke, Executive Officer/Clerk

by **L. CRUZ** _____, Deputy Clerk

LACIV 132 (Rev. 01/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

# Exhibit "E"

**POS-015**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>MATTHEW J. MATERN (State Bar #159798)<br>RASTEGAR & MATERN, ATTORNEYS AT LAW<br>1010 CRENSHAW BOULEVARD, SUITE 100<br><br>TORRANCE, CALIFORNIA 90501<br>TELEPHONE NO.: (310) 218-5500    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Monica Gould and Patricia Sanchez | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 N. HILL STREET
MAILING ADDRESS: 111 N. HILL STREET
CITY AND ZIP CODE: LOS ANGELES, CA  90012-3117
BRANCH NAME: CENTRAL DISTRICT

PLAINTIFF/PETITIONER: Monica Gould and Patricia Sanchez

DEFENDANT/RESPONDENT: Motel 6 Inc., et al.

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | **CASE NUMBER:**<br>BC419769 |
|---|---|

TO *(insert name of party being served):* Motel 6 O.L.P., an unknown business entity

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: October 09, 2009

Matthew J. Matern
(TYPE OR PRINT NAME)                                        (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [X] A copy of the summons and of the complaint.
2. [X] Other: *(specify):* Notice of Case Assignment; ADR; Notice of Case Re-Assignment; Notice of Case Management Conference.

*(To be completed by recipient):*
Date this form is signed: OCTOBER 20, 2009
MICHAEL F. NARINO
COUNSEL FOR DEFENDANT

MO PC      (TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,     (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
              ON WHOSE BEHALF THIS FORM IS SIGNED)                  ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)
ACCOR NORTH AMERICAL et al

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10 |

Legal
Solutions
Plus

# Exhibit "F"

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>MATTHEW J. MATERN (State Bar #159798)<br>RASTEGAR & MATERN, ATTORNEYS AT LAW<br>1010 CRENSHAW BOULEVARD, SUITE 100<br><br>TORRANCE, CALIFORNIA 90501<br>　TELEPHONE NO.: (310) 218-5500　FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>　ATTORNEY FOR *(Name):* Monica Gould and Patricia Sanchez | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
　STREET ADDRESS: 111 N. HILL STREET
　MAILING ADDRESS: 111 N. HILL STREET
　CITY AND ZIP CODE: LOS ANGELES, CA  90012-3117
　BRANCH NAME: CENTRAL DISTRICT

PLAINTIFF/PETITIONER: Monica Gould and Patricia Sanchez

DEFENDANT/RESPONDENT: Motel 6 Inc., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>BC419769 |
|---|---|

TO *(insert name of party being served):* Accor North America, Inc., a Delaware corporation

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: October 09, 2009

Matthew J. Matern
　　(TYPE OR PRINT NAME)　　　　　　　　　　　　　　　　▶　(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [X] A copy of the summons and the complaint.
2. [X] Other: *(specify):* Notice of Case Assignment; ADR; Notice of Case Re-Assignment; Notice of Case Management Conference.

*(To be completed by recipient):*
Date this form is signed: OCTOBER 20, 2009
MICHAEL F. MARINO
COUNSEL FOR DEFENDANT

MOTG (TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)　　　(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)
ACCOR NORTH AMERICA, et al

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Legal
Solutions
Plus

Code of Civil Procedure,
§§ 415.30, 417.10

Page 1 of 1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

### CV09- 8157 CAS  (FMOx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Monica Gould and Patricia Sanchez

**DEFENDANTS**
Accor North America, Inc. and Motel 6, O.L.P.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Matthew J. Matern (SBN 159798)
RASTEGAR & MATERN, ATTORNEYS AT LAW
1010 Crenshaw Boulevard, Suite 100
Torrance, CA 90501
Tel: (310) 218-5500; Fax: (310) 218-1155

Attorneys (If Known)
Michael D. Mandel (SBN 216934)
Rocio Herrera (SBN 237139)
SEYFARTH SHAW LLP
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Tel: (310) 277-7200; Fax: (310) 201-5219

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No     ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Petition for Removal - 28 U.S.C. §§ 1322(d)(2), 1441, and 1446 (Class Action Fairness Act).  Plaintiffs allege various violations of the California Labor Code violations and unlawful business practices.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☒ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**  Case Number:

CV09 08157

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                 CIVIL COVER SHEET                 Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware and Texas |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

| X. SIGNATURE OF ATTORNEY (OR PRO PER): | | Date | November 6, 2009 |
|---|---|---|---|
| Michael D. Mandel | | | |

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com

1

2

**PROOF OF SERVICE**

3    STATE OF CALIFORNIA            )
                                    )    ss
     COUNTY OF LOS ANGELES          )

4

5        I am a resident of the State of California, over the age of eighteen years, and
     not a party to the within action.  My business address is Seyfarth Shaw LLP,
6    2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021.  On
     November 6, 2009, I served the within documents:

7

**CIVIL COVER SHEET**

8    ☒   by placing the document(s) listed above in a sealed envelope with postage
         thereon fully prepaid, in the United States mail at Los Angeles, California
9        addressed as set forth below.

10   ☐   by personally delivering the document(s) listed above to the person(s) at
         the address(es) set forth below.

11
     ☐   by placing the document(s) listed above, together with an unsigned copy
12       of this declaration, in a sealed Federal Express envelope with postage
         paid on account and deposited with Federal Express at Los Angeles,
13       California, addressed as set forth below.

     ☐   by transmitting the document(s) listed above, electronically, via the e-
14       mail addresses set forth below.

15   ☐   electronically by using the Court's ECF/CM System.

16
     Matthew J. Matern
17   RASTEGAR & MATERN
     1010 Crenshaw Boulevard, Suite 1100
18   Torrance, California  90501

19       I am readily familiar with the firm's practice of collection and processing
     correspondence for mailing.  Under that practice it would be deposited with the
20   U.S. Postal Service on that same day with postage thereon fully prepaid in the
     ordinary course of business.  I am aware that on motion of the party served, service
21   is presumed invalid if postal cancellation date or postage meter date is more than
     one day after the date of deposit for mailing in affidavit.

22

23       I declare that I am employed in the office of a member of the bar of this
     court whose direction the service was made.

24       Executed on November 6, 2009, at Los Angeles, California.

25

26                                                  Patricia E. Haden

27

28

                                        1

                                                        PROOF OF SERVICE
     LA1 6905107.1                      Case No. _____