MATTHEW J. MATERN (State Bar #159798)
RASTEGAR & MATERN, ATTORNEYS AT LAW
1010 Crenshaw Boulevard, Suite 100
Torrance, California 90501
Tel. (310) 218-5500
Fax.(310) 218-1155
Email mjm@rastegar-matern.com
Attorney for Plaintiffs, Monica Gould,
Patricia Sanchez, and other similarly
situated current and former employees
of Motel 6 Inc.; Accor North America, Inc.,
a Delaware corporation; Motel 6 Operating
L.P., a Delaware limited partnership

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Monica Gould and Patricia Sanchez, individually, and on behalf of all other similarly situated current and former employees of Motel 6 Inc., Accor North America, Inc., a Delaware corporation; Motel 6 Operating L.P., a Delaware limited partnership

Plaintiffs,

vs.

Motel 6, Inc., a Delaware corporation; Accor North America, Inc., a Delaware corporation; Motel 6 Operating L.P., a Delaware limited partnership; and DOES 1 through 100, inclusive,

Defendants.

CASE NO. CV 09-08157 CAS (FMOx)

**FIRST AMENDED CLASS ACTION COMPLAINT**

1. **Failure to Provide Required Rest Periods (Labor Code § 226.7)**
2. **Failure to Provide Required Meal Periods (Labor Code §§ 226.7 and 512)**
3. **Failure to Pay Overtime Compensation (Labor Code § 1194)**
4. **Failure to Provide Accurate Statements and Maintain Required Records (Labor Code §§ 226 and 1174)**
5. **Failure to Pay Minimum Wage (Labor Code §§ 1197, 1197.1 and IWC Wage Order 4-2001)**
6. **Failure to Pay Wages Upon Termination (Labor Code §§ 201, 202, 203, 227.3)**
7. **Unlawful Business Practices (Bus. and Prof. Code § 17200)**
8. **Class Action for Civil Penalties Under Cal. Lab. Code Sections 26988-2699.5**
9. **Representative Action for Civil Penalties Under Cal. Lab. Code Sections 26988-2699.5**

**DEMAND FOR JURY TRIAL**

-1-

FIRST AMENDED CLASS ACTION COMPLAINT

PLAINTIFFS MONICA GOULD AND PATRICIA SANCHEZ, individually, and on behalf of all other persons similarly situated, by their attorneys, RASTEGAR & MATERN, ATTORNEYS AT LAW, A PROFESSIONAL CORPORATION, for their Complaint against the DEFENDANTS MOTEL 6, INC., a Delaware corporation; ACCOR NORTH AMERICA, INC. a Delaware corporation; MOTEL 6 Operating L.P., a Delaware limited partnership and DOES 1 through 100 inclusive, respectfully allege as follows:

**JURISDICTION**

1. PLAINTIFFS filed this action properly in the Superior Court of the State of California, County of Los Angeles, because DEFENDANTS' obligations and liabilities arise in the County of Los Angeles, as DEFENDANTS maintain offices and transact business in the County of Los Angeles, and because the work which is the subject of this action was performed by PLAINTIFFS in the County of Los Angeles. DEFENDANTS removed the action based on the Class Action Fairness Act of 2004.

**PLAINTIFFS**

2. PLAINTIFFS MONICA GOULD AND PATRICIA SANCHEZ ("NAMED PLAINTIFFS"), and other similarly situated current and former employees in the State of California ("PLAINTIFFS") of MOTEL 6, INC., ACCOR NORTH AMERICA, INC. a Delaware Corporation, MOTEL 6 Operating L.P. and DOES 1 through 100 inclusive ("DEFENDANTS"), bring this Class Action to recover, among other things, unpaid and illegally calculated overtime compensation, indemnification for expenses, wages and penalties due from illegal deductions, illegal break policies, including meal period policies, failure to maintain required records, interest, attorneys fees, costs, and expenses. The NAMED PLAINTIFFS reserve the right to name additional class representatives.

3. PLAINTIFFS are current and former non-exempt employees of DEFENDANTS who worked in the State of California, for a period of time within the four (4) years preceding the filing of this action.

///
///

-2-

**FIRST AMENDED CLASS ACTION COMPLAINT**

# DEFENDANTS

4. At all relevant times alleged herein, PLAINTIFFS are informed and believe, and thereon allege that MOTEL 6, INC. is, and at all times relevant hereto was, a corporation organized and existing under and by virtue of the laws of the State of Delaware. PLAINTIFFS are further informed and believe, and thereon allege, that MOTEL 6, INC. is authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, MOTEL 6, INC. maintains offices and conducts business in, and engages in illegal payroll practices or policies in, the County of Los Angeles, State of California.

5. At all relevant times alleged herein, PLAINTIFFS are informed and believe, and thereon allege that ACCOR NORTH AMERICA, INC. is, and at all times relevant hereto was, a corporation organized and existing under and by virtue of the laws of the State of Delaware. PLAINTIFFS are further informed and believe, and thereon allege, that ACCOR NORTH AMERICA, INC. is authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, ACCOR NORTH AMERICA, INC. maintains offices and conducts business in, and engages in illegal payroll practices or policies in, the County of Los Angeles, State of California.

6. At all relevant times alleged herein, PLAINTIFFS are informed and believe, and thereon allege that MOTEL 6 Operating L.P. is authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, MOTEL 6 Operating L.P. maintains offices and conducts business in, and engages in illegal payroll practices or policies in, the County of Los Angeles, State of California.

7. At all relevant times alleged herein, PLAINTIFFS are informed and believe, and thereon allege that MOTEL 6, INC. ("MOTEL 6"), ACCOR NORTH AMERICA, INC., and MOTEL 6 Operating L.P., are, and at all times relevant hereto were, a corporation organized and existing under and by virtue of the laws of the State of Delaware. PLAINTIFFS are further informed and believe, and thereon allege, that DEFENDANTS MOTEL 6, INC., ACCOR NORTH AMERICA, INC., MOTEL 6 Operating L.P., and STUDIO 6 are authorized to conduct business in the State of California, and do conduct business in the State of California. Specifically, upon

**FIRST AMENDED CLASS ACTION COMPLAINT**

information and belief, MOTEL 6, INC., ACCOR NORTH AMERICA, INC., and MOTEL 6 Operating L.P. maintain offices and conduct business in, and engage in illegal payroll practices or policies in, the County of Los Angeles, State of California.

8. The true names and capacities of DOES 1-100, inclusive, are unknown to PLAINTIFFS who therefore sue said DOE Defendants by fictitious names. PLAINTIFFS will amend this Complaint to show their true names and capacities when they have been ascertained.

9. The DEFENDANTS, and each of them, were alter egos of each other.

10. The DEFENDANTS, and each of them are and at all time relevant herein were engaged in a joint enterprise with each other.

11. The DEFENDANTS, and each of them are and at all time relevant herein were joint employers of the PLAINTIFFS.

12. At all relevant times herein, PLAINTIFFS were employed by DEFENDANTS under employment agreements that were partly written, partly oral, and partly implied. In perpetrating the acts and omissions alleged herein, DEFENDANTS, and each of them, acted pursuant to and in furtherance of their policies and practices of not paying PLAINTIFFS all wages earned and due, through methods and schemes which include, but are not limited to, failing to pay overtime premiums; failing to provide rest and meal periods; failing to properly maintain records; failing to provide accurate itemized statements for each pay period; and requiring, permitting or suffering the employees to work off the clock, in violation of California Labor Code and Industrial Welfare Commission ("IWC") Orders.

13. PLAINTIFFS are informed and believe and thereon allege that each and every of the acts and omissions alleged herein were performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control of each of the other DEFENDANTS, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

14. As a direct and proximate result of the unlawful actions of DEFENDANTS, PLAINTIFFS have suffered and continue to suffer from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

-4-

**FIRST AMENDED CLASS ACTION COMPLAINT**

## CLASS ACTION DESIGNATION

15. This action is appropriately suited for a Class Action because:

   A. The potential class is a significant number. According to DEFENDANTS' removal papers, Defendants have 2,675 current employees in California. Joinder of all current and former employees individually would be impractical.

   B. This action involves common questions of law and fact to the potential class because the action focuses on the DEFENDANTS' systematic course of illegal payroll practices and policies, which include not providing DEFENDANTS' employees with proper meal periods and rest periods. Further, DEFENDANTS force their employees to work through their lunches after they clock out for the meal periods and fail to pay the employees an additional one-hour wage for missed meal periods. In addition, DEFENDANTS do not provide rest breaks for their employees and fail to pay their employees an additional hour's wage for those missed rest breaks. There practices were applied to all hourly employees in violation of the California Labor Code, IWC Orders, and the California Business and Professions Code which prohibits unfair business practices arising from such violations.

   C. The claims of the NAMED PLAINTIFFS are typical of the class because DEFENDANTS subjected all of their hourly employees, including NAMED PLAINTIFFS to the identical violations of the California Labor Code and California Business and Professions Code, i.e, DEFENDANTS forced employees to work through their meal periods after punching out for the meal period, denied the employees meal and rest breaks and failed to pay an hour's wage for missed breaks, both meal and rest.

   D. The NAMED PLAINTIFFS are able to fairly and adequately protect the interests of all members of the class because it is in their best interests to prosecute the claims alleged herein to obtain full compensation due to them for all services rendered and hours worked. Moreover, NAMED PLAINTIFFS counsel will fairly and adequately represent both NAMED PLAINTIFFS and the class.

///
///

**FIRST AMENDED CLASS ACTION COMPLAINT**

### FIRST CAUSE OF ACTION

**Failure to Provide Required Rest Periods
(California Labor Code § 226.7)
AS TO ALL DEFENDANTS**

16. PLAINTIFFS incorporate herein by specific reference as though fully set forth the allegations in paragraphs 1 through 15 inclusive.

17. Pursuant to California Labor Code § 226.7 and Industrial Welfare Commission Wage Order 7-2001, DEFENDANTS are required to provide rest periods to their employees. DEFENDANTS are required to provide a ten minute rest period for every four hours worked or major fraction thereof. Furthermore, DEFENDANTS are required to pay one extra hour of compensation for each day in which a rest period is missed.

18. PLAINTIFFS were non-exempt employees entitled to the protections of California Labor Code § 226.7 and Wage Order 7-2001. During the course of PLAINTIFFS' employment, DEFENDANTS, pursuant to their policies and procedures, failed to provide their employees with required rest periods.

19. Furthermore, DEFENDANTS failed to compensate their employees who were entitled to receive, and did not receive, rest periods, with the required extra hour of compensation.

20. DEFENDANTS failed to provide numerous other persons who are similarly situated to the individual NAMED PLAINTIFFS with required rest periods, and failed to provide required compensation when rest periods were not provided.

21. In violation of state law, DEFENDANTS have knowingly and wilfully refused to perform their obligations to provide required rest periods, and to provide compensation when rest periods were not provided. As a direct result, PLAINTIFFS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court. DEFENDANTS committed the acts alleged herein knowingly and wilfully, with the wrongful and deliberate intention of injuring PLAINTIFFS, from improper motives amounting to malice, and in conscious disregard of PLAINTIFFS' rights.

**FIRST AMENDED CLASS ACTION COMPLAINT**

PLAINTIFFS are thus entitled to recover the unpaid balance of compensation due, wages owed, interest, statutory penalties, nominal, actual, compensatory, punitive, and exemplary damages, attorneys' fees, and costs of suit in amounts according to proof at time of trial, and within the jurisdiction of this Court.

## SECOND CAUSE OF ACTION

**Failure to Provide Required Meal Periods**
**(California Labor Code § 226.7)**
**AS TO ALL DEFENDANTS**

22. PLAINTIFFS incorporate herein by specific reference as though fully set forth the allegations in paragraph 1 through 21 inclusive.

23. Pursuant to California Labor Code sections 226.7 and 512 and Industrial Welfare Commission Wage Order 7-2001, DEFENDANTS are required to provide meal periods to their employees. DEFENDANTS are required to provide a meal period to any employee who works a shift of more than five (5) hours, and a second meal period to any employee who works a shift of more than ten (10) hours. Furthermore, DEFENDANTS are required to pay one extra hour of compensation for each missed meal period to their employees who are entitled to receive, and do not receive, meal periods.

24. PLAINTIFFS were non-exempt employees entitled to the protections of California Labor Code § 226.7 and Wage Order 7-2001. During the course of PLAINTIFFS' employment, DEFENDANTS, pursuant to their policies and procedures, failed to provide their employees with required meal periods and/or uninterrupted meal periods.

25. Furthermore, DEFENDANTS failed to compensate their employees who were entitled to receive, and did not receive, meal periods, and/or uninterrupted meal periods, with the required extra hour of compensation.

26. Furthermore, DEFENDANTS' employees, including NAMED PLAINTIFFS, were often forced, through necessity of completing their assigned tasks, to work through meal periods and/or portions of meal periods. In such cases, DEFENDANTS routinely failed to compensate the employees with the required extra hour of compensation, and also, in many cases,

///

**FIRST AMENDED CLASS ACTION COMPLAINT**

altered the employees' time records to reflect that a meal period had been taken when in fact no meal period had been taken.

27.     DEFENDANTS failed to provide numerous other persons who are similarly situated to the individual NAMED PLAINTIFFS with required meal periods, and failed to provide required compensation when meal periods were not provided. Additionally, DEFENDANTS altered the time records of numerous other similarly situated persons to reflect that a meal period had been taken, when in fact no meal period had been taken.

28.     DEFENDANTS' alteration of their employees' time records as described herein violates Wage Order 7-2001, which requires DEFENDANTS to keep accurate records of their employees' meal periods.

29.     In violation of state law, DEFENDANTS have knowingly and wilfully refused to perform their obligations to provide required meal periods, to provide compensation when meal periods are not provided, to compensate PLAINTIFFS for all wages earned and all hours worked, and to keep accurate time records of meal periods. As a direct result, PLAINTIFFS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court. DEFENDANTS committed the acts alleged herein knowingly and wilfully, with the wrongful and deliberate intention of injuring PLAINTIFFS, from improper motives amounting to malice, and in conscious disregard of PLAINTIFFS' rights. PLAINTIFFS are thus entitled to recover the unpaid balance of compensation due, wages owed, interest, statutory penalties, nominal, actual, compensatory, punitive, and exemplary damages, attorneys' fees, and costs of suit in amounts according to proof at time of trial, and within the jurisdiction of this Court.

///

///

///

///

**FIRST AMENDED CLASS ACTION COMPLAINT**

### THIRD CAUSE OF ACTION

**Failure to Pay Overtime Compensation
(California Labor Code §§ 510 and 1194)
AS TO ALL DEFENDANTS**

30. PLAINTIFFS incorporate herein by specific reference as though fully set forth the allegations in paragraphs 1 through 29 inclusive.

31. Pursuant to California Labor Code §§ 510 and 1194, for the four (4) years preceding the filing of this lawsuit, DEFENDANTS were required to compensate PLAINTIFFS for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours of the seventh consecutive work day, with double time after eight (8) hours of the seventh day of any work week, or after twelve (12) hours in any work day.

32. PLAINTIFFS were non-exempt employees entitled to the protections of California Labor Code §§ 510 and 1194. During the course of PLAINTIFFS' employment, DEFENDANTS failed to compensate PLAINTIFFS for overtime hours worked as required under the foregoing provisions California Labor Code by failing to pay for all hours worked; by requiring, permitting or suffering the employees to work off the clock; by requiring, permitting or suffering the employees to work through breaks; by illegally and inaccurately recording time worked; by failure to indemnify employees for expenses; by improper payroll deductions; through failure to properly maintain records; through falsifying hours worked and through other methods to be discovered.

33. In violation of state law, DEFENDANTS have knowingly and wilfully refused to perform their obligations to compensate PLAINTIFFS for all wages earned and all hours worked. As a direct result, PLAINTIFFS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court. DEFENDANTS committed the acts alleged herein knowingly and wilfully, with the wrong and deliberate intention of injuring PLAINTIFFS, from improper motives amounting to malice, and in conscious disregard of PLAINTIFFS' rights. PLAINTIFFS are this entitled to

-9-

**FIRST AMENDED CLASS ACTION COMPLAINT**

1  recover nominal, actual, compensatory, punitive, and exemplary damages in amounts according to
2  proof at time of trial, and within the jurisdiction of this Court.
3     34.   DEFENDANTS' conduct described herein violates Labor Code §§ 510 and 1194.
4  Therefore, PLAINTIFFS are entitled to recover the unpaid balance of overtime compensation
5  DEFENDANTS owe PLAINTIFFS, plus interest, statutory penalties, attorneys' fees, expenses, and
6  costs of suit.

## FOURTH CAUSE OF ACTION

**Failure to Provide Accurate Statements and to Maintain Required Records
(California Labor Code §§ 226 and 1174)
AS TO ALL DEFENDANTS**

11    35.   PLAINTIFFS incorporate herein by specific reference as though fully set forth the
12  allegations in paragraph 1 through 34 inclusive.
13    36.   At all relevant times herein, as part of their illegal payroll policies and practices to
14  deprive their non-exempt employees all wages earned and due, DEFENDANTS
15  failed to maintain records as required under Labor Code § 1174, 1174.5 and IWC Orders 1-2001(7)
16  and 1-2001(20), including but not limited to failing to maintain accurate records as to all hours
17  worked by an employee and records of meal periods.
18    37.   As a proximate result of the aforementioned violations, PLAINTIFFS have been
19  damaged in an amount according to proof at trial, and seek all wages earned and due, interest,
20  penalties, attorneys' fees, and expenses and costs of suit.

## FIFTH CAUSE OF ACTION

**(Failure to Pay Minimum Wage - Labor Code §§ 1194, 1197,
1197.1 and IWC Wage Order 4-2001)
AS TO ALL DEFENDANTS**

24    38.   PLAINTIFFS incorporates herein by specific reference as though fully set forth the
25  allegations in paragraphs 1 through 37.
26    39.   Pursuant to California Labor Code §1197, DEFENDANTS are required to pay its
27  employees the minimum wage fixed by the Labor Commission. Plaintiffs have fully complied
28  with the requirements of Labor Code §§ 2698 *et seq.* by giving the written notice required by Labor

**FIRST AMENDED CLASS ACTION COMPLAINT**

Code section 2699.3 by certified mail to the Labor and Workforce Development Agency and Defendant.

40. Pursuant to Labor Code § 1194: Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

41. Pursuant to Labor Code § 1197.1 subd. (a): Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission shall be subject to a civil penalty as follows: (1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. (2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed. Plaintiffs seek to recover the penalties provided for by Labor Code section 1197.1 pursuant to Labor Code sections 2698 *et seq.* and have fully complied with the pre-suit notification required by Labor Code section 2699.3.

42. PLAINTIFFS were non-exempt employees entitled to the protections of California Labor Code § 1197. During the course of PLAINTIFFS' employment, DEFENDANTS, pursuant to their policies and procedures, failed to pay their employees the minimum wage because they forced Plaintiffs to work off the clock, thereby paying them nothing for those hours worked.

43. DEFENDANTS failed to pay the minimum wage to numerous other persons who are similarly situated to the individual NAMED PLAINTIFFS.

44. In violation of state law, DEFENDANTS have knowingly and willfully refused to perform their obligations to pay the minimum wage to PLAINTIFFS. As a direct result, PLAINTIFFS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking

**FIRST AMENDED CLASS ACTION COMPLAINT**

to compel DEFENDANTS to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court.

45. DEFENDANTS committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring PLAINTIFFS, from improper motives amounting to malice, and in conscious disregard of PLAINTIFFS' rights. PLAINTIFFS are thus entitled to recover the unpaid balance of compensation due, wages owed, interest, penalties, nominal, actual, compensatory, punitive, and exemplary damages, attorneys fees, and costs of suit in amounts according to proof at time of trial, and within the jurisdiction of this Court.

## SIXTH CAUSE OF ACTION

**(Failure to Pay Wages Upon Termination -
Cal. Labor Code §§ 201, 202, 203, 227.3)
AS TO ALL DEFENDANTS**

46. PLAINTIFFS incorporates herein by specific reference as though fully set forth the allegations in paragraphs 1 through 45.

47. Pursuant to California Labor Code sections 201 and 202, employers, including DEFENDANTS, must make timely payment of the full wages due to their employees who quit or have been discharged. California Labor Code section 227.3 also requires employers to pay employees for vested vacation time upon termination of employment. California Labor Code section 203 provides waiting time penalties for violations of sections 201 and 202.

48. Because Defendants required PLAINTIFFS to work off the clock without compensation and through required meal and rest breaks without compensation, DEFENDANTS have failed and continue to fail to pay the full earned and unpaid wages due to Plaintiffs upon discharge or termination.

49. DEFENDANTS have failed and continue to fail to timely pay PLAINTIFFS the full earned and unpaid wages due upon discharge or termination by failing to pay all wages due as required either immediately upon discharge of the employee or within 72 hours thereafter.

50. DEFENDANTS have committed and continue to commit the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring PLAINTIFFS' rights. As a direct result, PLAINTIFFS have suffered, and continue to suffer, substantial losses

**FIRST AMENDED CLASS ACTION COMPLAINT**

related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court. PLAINTIFFS and members of the class are therefore also entitled to waiting time penalties pursuant to California Labor Code section 203.

### SEVENTH CAUSE OF ACTION

**Unlawful Business Practices**
**(California Business and Professions Code § 17200)**
**AS TO ALL DEFENDANTS**

51.     PLAINTIFFS incorporate herein by specific reference as though fully set forth the allegations in paragraphs 1 through 50 inclusive.

52.     By violating the foregoing statutes, DEFENDANTS' acts constitute unfair and unlawful business practices under California Business and Professions Code sections 17200, *et seq*.

53.     DEFENDANTS' violation of California wage and hour laws constitutes a business practice because it was done repeatedly over a significant period of time, and in a systematic manner to the detriment of PLAINTIFFS.

54.     For the four (4) years preceding the filing of this action, PLAINTIFFS have suffered injury and request restitutionary disgorgement of all wages DEFENDANTS wrongfully withheld in an amount according to proof at time of trial, but within the jurisdiction of this Court.

### EIGHTH CAUSE OF ACTION

**Class Action for Civil Penalties**
**(Cal. Lab. Code Sections 2698-2699.5)**
**(Against all Defendants)**

55.     PLAINTIFFS incorporate herein by specific reference as though fully set forth the allegations in paragraphs 1 through 54.

56.     Pursuant to California Labor Code sections 2698-2699.5, PLAINTIFFS are entitled to collect civil penalties from DEFENDANTS for the California Labor Code violations set forth above. PLAINTIFFS therefore seek to collect civil penalties on behalf of herself and other current and former employees of DEFENDANTS in the State of California for DEFENDANTS' violations

**FIRST AMENDED CLASS ACTION COMPLAINT**

of California Labor Code sections 201, 202, 203, 221, 226, 226.7, 512, 1194, 1197 and 2802, which include, but are not limited to, penalties under Labor Code sections 2699, 210, 225.5, 226.3, 558, 1174.5 and 1197.1.

57. PLAINTIFFS have given written notice by certified mail to the Labor and Workforce Development Agency and Defendants MOTEL 6, Inc. and Accor North American, Inc. of the specific Labor Code provisions alleged to have been violated, including the facts and theories to support the alleged violations, and the Labor and Workforce Development Agency notified PLAINTIFFS by certified mail that it does not intend to investigate the alleged violations.

58. PLAINTIFFS have complied with the requirements set forth in California Labor Code section 2699.3.

## NINTH CAUSE OF ACTION

**Representative Action for Civil Penalties**
**(Cal. Lab. Code Sections 2698-2699.5)**
**(Against all Defendants)**

59. PLAINTIFFS incorporate herein by specific reference as though fully set forth the allegations in paragraphs 1 through 54.

60. Pursuant to California Labor Code sections 2698-2699.5, PLAINTIFFS are entitled to collect civil penalties from DEFENDANTS in a representative action for the California Labor Code violations set forth above. PLAINTIFFS therefore seek to collect civil penalties on behalf of the State of California for DEFENDANTS' violations of California Labor Code sections 201, 202, 203, 221, 226, 226.7, 512, 1194, 1197 and 2802, which include, but are not limited to, penalties under Labor Code sections 2699, 210, 225.5, 226.3, 558, 1174.5 and 1197.1.

61. PLAINTIFFS have given written notice by certified mail to the Labor and Workforce Development Agency and Defendants MOTEL 6, Inc. and Accor North American, Inc. of the specific Labor Code provisions alleged to have been violated, including the facts and theories to support the alleged violations, and the Labor and Workforce Development Agency notified PLAINTIFFS by certified mail that it does not intend to investigate the alleged violations.

62. PLAINTIFFS have complied with the requirements set forth in California Labor Code section 2699.3.

**FIRST AMENDED CLASS ACTION COMPLAINT**

**WHEREFORE**, Plaintiffs pray for relief as follows:

1. For nominal damages;
2. For compensatory damages;
3. For restitution of all monies due to PLAINTIFFS;
4. For all applicable penalties under the California Labor Code and IWC Orders and for violations alleged herein;
5. For liquidated damages pursuant to Labor Code § 1194.2;
6. For civil penalties according to proof;
7. For interest accrued to date;
8. For costs of suit and expenses;
9. For reasonable attorney's fees;
10. For injunctive relief;
11. For all such other and further relief that the Court may deem just and proper.

DATED: November 24, 2009

RASTEGAR & MATERN

Respectfully submitted,

By: _____
Matthew J. Matern
Attorneys for Plaintiffs Monica Gould, Patricia Sanchez, and other similarly situated current and former employees of Motel 6, Inc., Accor North America, Inc., Motel 6 O.L.P., and Studio 6

-15-

**FIRST AMENDED CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial with respect to all issues triable of right by jury.

DATED: November 24, 2009

Respectfully submitted,

RASTEGAR & MATERN

By: _____
Matthew J. Matern
Attorneys for Plaintiffs Monica Gould, Patricia Sanchez, and other similarly situated current and former employees of Motel 6, Inc., Accor North America, Inc., and Motel 6 Operating L.P.

-16-

**FIRST AMENDED CLASS ACTION COMPLAINT**

**PROOF OF SERVICE**

STATE OF CALIFORNIA,   )
                       ) ss
COUNTY OF LOS ANGELES  )

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) years and not a party to the within action; my business address is 1010 Crenshaw Boulevard, Suite 100, Torrance, California 90501.

On November 24, 2009, I served the following document or documents:

**FIRST AMENDED CLASS ACTION COMPLAINT**

[X] by placing a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Michael D. Mandel, Esq.
Rocio Herrera, Esq.
SAYFARTH SHAW LLP
2029 Century Park East, Suite 3500
Los Angeles, CA 90067-3021

Tel.   (310) 277-7200
Fax.   (310) 201-5219

**Attorneys for Defendants**

[X] **BY MAIL**

[ ] I caused such envelope(s) to be deposited in the mail at Torrance, California. The envelope(s) was/were mailed with postage thereon fully prepaid.

[X] I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day with postage thereon fully prepaid at Torrance, California in the ordinary course of business. I am aware that on motion of party served, service is invalid if postal cancellation date or postage meter date is more than 1 day after the date of deposit for mailing in affidavit.

[ ] **VIA FACSIMILE**

[ ] **BY PERSONAL SERVICE**

I delivered such envelope by hand to the offices of the addressee.

[ ] (State) I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[X] (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed November 24, 2009 at Torrance, California.

_____
Eva Reyes

-17-

**FIRST AMENDED CLASS ACTION COMPLAINT**