UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8157 CAS (FMOx) | Date | February 22, 2011 |
|---|---|---|---|
| Title | MONICA GOULD; ET AL. v. MOTEL 6, INC; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:** **(In Chambers): PLAINTIFFS' MOTION TO MODIFY THE PRETRIAL SCHEDULING ORDER, FOR LEAVE TO AMEND COMPLAINT TO ADD ROSALINDA BARRAGAN AS A CLASS REPRESENTATIVE AND TO CONTINUE CLASS CERTIFICATION MOTION FILING DATE** (filed 1/17/11)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

**I.    INTRODUCTION AND BACKGROUND**

On August 13, 2009, plaintiffs Monica Gould and Patricia Sanchez individually and on behalf of all those similarly situated as current and former employees of Motel 6, Inc., filed suit against defendants, Motel 6, Inc., Accor North America, Inc., Motel 6 Operating L.P., Studio 6, and Does 1 through 100. On November 6, 2009, defendants removed the action to federal court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).

On November 25, 2009, plaintiffs filed their first amended complaint ("FAC") against all defendants except Studio 6. On January 25, 2010, the Court granted defendants' motion to dismiss the FAC. On February 23, 2010, plaintiffs filed their second amended complaint ("SAC") against the same defendants as the FAC, alleging claims for: (1) failure to provide required rest periods pursuant to Labor Code § 226.7; (2) failure to provide required meal periods pursuant to Labor Code §§ 226.7 & 512; (3) failure to pay overtime compensation pursuant to Labor Code §§ 510 and 1194; (4) failure to provide accurate statements and maintain required records pursuant to Labor

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8157 CAS (FMOx) | Date | February 22, 2011 |
|---|---|---|---|
| Title | MONICA GOULD; ET AL. v. MOTEL 6, INC; ET AL. | | |

Code §§ 226 and 1174; (5) failure to pay minimum wage pursuant to Labor Code §§ 1194, 1197, 1197.1 and IWC Wage Order 4-2001; (6) failure to pay wages upon termination pursuant to Labor Code §§ 201, 202, 203, and 227.3; (7) unlawful business practices pursuant to Bus. & Prof. Code § 17200; (8) class action for civil penalties under Labor Code §§ 26988-2699.5; and (9) representative action for civil penalties under Labor Code §§ 26988-2699.5. Plaintiffs "are current and former non-exempt employees of defendants who worked in the State of California, for a period of time within the four (4) years preceding the filing of this action." SAC ¶ 3. On April 12, 2010, the Court granted defendants' motion to dismiss Motel 6, Inc.

On January 17, 2011, plaintiffs filed the instant motion to modify the pretrial scheduling order, for leave to amend the complaint to add Rosalinda Barragan as a class representative and to continue class certification motion filing date. On January 24, 2011, defendants filed an opposition to plaintiffs' motion. On January 31, 2011, plaintiffs filed a reply in support of their motion. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

**II.    LEGAL STANDARD**

Generally, a court grants a motion for leave to amend pleadings pursuant to the permissive standard of Fed. R. Civ. P. 15(a). Martinez v. Newport Beach City, 125 F.3d 777, 785 (9th Cir. 1997). However, once the district court enters a scheduling order establishing a deadline for amending pleadings, Fed. R. Civ. P.16(b) applies. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). This is because once the scheduling order is in place, the court must modify the scheduling order to permit an amendment. W. Schwarzer, A. Tashima & M. Wagstaffe, Federal Civil Procedure Before Trial § 8:405.1 (2006) (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)).

Here, the Court has already set a deadline of September 1, 2010, for amending the pleadings. Therefore, plaintiffs must demonstrate "good cause" for amendment under Rule 16, then if "good cause" is shown, plaintiffs must demonstrate that amendment is proper under Rule 15(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8157 CAS (FMOx) | Date | February 22, 2011 |
|---|---|---|---|
| Title | MONICA GOULD; ET AL. v. MOTEL 6, INC; ET AL. | | |

### A. Federal Rule of Civil Procedure 16

Fed. R. Civ. P. 16(b) provides that a scheduling order shall be modified "only for good cause." Fed. R. Civ. P. 16(b)(4). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. Accordingly, while the court may consider the "existence or degree of prejudice" to the opposing party, the focus of the court's inquiry is upon the moving party's explanation for failure to timely move for leave to amend. Id. "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 609)

### B. Federal Rule of Civil Procedure 15

Fed. R. Civ. P. 15 provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).

Where leave to amend is required, the decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir. 2003)). "Some courts have stressed prejudice to the opposing party as the key factor." Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991). However, "[u]ndue delay is a valid reason for denying leave to amend.'" Id. (quoting Contact Lumber Co. v. P.T. Moges Shipping Co., 918 F.2d 1446, 1454 (9th Cir. 1990)); but see Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999) ("Undue delay by itself, however, is insufficient to justify denying a motion to amend."). Further, "the liberality of Rule 15(a) does not mean that amendment will be allowed regardless of the diligence of the moving party. Where the party seeking amendment knows or should know of the facts upon

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8157 CAS (FMOx) | Date | February 22, 2011 |
|---|---|---|---|
| Title | MONICA GOULD; ET AL. v. MOTEL 6, INC; ET AL. | | |

which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied." Jordan, 669 F.2d at 1324. And "[l]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994) (internal quotation marks and citation omitted). Delay can contribute to a finding of prejudice, for "expense, delay, and wear and tear on individuals and companies . . . ." Id. (internal quotation marks and citation omitted).

## III. DISCUSSION

Plaintiffs request that the Court (1) modify the pretrial scheduling order to allow plaintiffs to amend their complaint to add Rosalinda Barragan ("Barragan") as a named plaintiff, (2) grant leave for plaintiffs to amend the SAC to add Barragan as a named plaintiff; and (3) continue the filing date for plaintiffs' motion for class certification, presently set for February 25, 2011, to May 30, 2011. Mot. at 1.

Plaintiffs contend that they have "been diligently attempting to locate additional proposed class representatives in this action."[1] Id. at 5. They further assert that they were delayed in this attempt because they "were not provided with the contact information of the absent class members asked for in interrogatories and requests for production of documents." Id. Therefore, plaintiffs argue, they were required to "engage the services of an investigator to attempt to contact Defendants' employees," and "during

---

[1] Plaintiffs assert that they seek to add an additional named plaintiff to address questions regarding the ability of the currently named plaintiffs to adequately represent the class. Mot. at 2. Specifically, "[d]efendants take the position that Plaintiff Sanchez is not an adequate class representative because she resides in Mexico and cannot enter the Unites [sic] states legally. Matern decl., ¶ 8. Defendants also assert that Plaintiff Gould is not an adequate representative because of credibility issues." Id. at 3-4. Additionally, "[d]efendants continue to assert that, at best, Plaintiffs Gould and Sanchez are only entitled to discovery regarding the location where Gould and Sanchez worked, no other locations." Id. at 3, n. 1. Plaintiffs argue that adding Barragan as a named plaintiff will effectively address these concerns, as she "currently works for defendants and works in locations different from the location where Plaintiffs Gould and Sanchez worked." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8157 CAS (FMOx) | Date | February 22, 2011 |
|---|---|---|---|
| Title | MONICA GOULD; ET AL. v. MOTEL 6, INC; ET AL. | | |

the course of the investigative effort, [Barragan] came forward and indicated in early December that she wished to be a Named Plaintiff in the case." Id. at 2. Plaintiffs argue that leave to amend should be granted because they "have been diligent in the certification discovery process, and have not engaged in bad faith or undue delay in seeking to add a new class representative in this action." Id. at 5. Additionally, plaintiffs argue, granting their motion "will not prejudice defendants either because discovery is still ongoing." Id. "Importantly, Defendants have not deposed Plaintiff Sanchez and discovery is not closed regarding the issue of class certification. In fact, Defendants are currently moving the court to compel Ms. Sanchez's deposition in the United States." Id. at 6.

     Plaintiffs further argue that "[g]ood cause exists for modifying the pretrial scheduling order regarding the addition of representatives to the action and continue the filing date for Plaintiff's Motion for Class Certification." Id. Plaintiffs contend that the additional time requested to file their class certification motion is necessary because it "will provide sufficient time for the parties to conduct the necessary pre-certification discovery in line with the addition of the new proposed class representatives to this action and the outcome of the pending motions to compel." Id. at 2. Additionally, plaintiffs assert that they "need the additional ninety days because they will need time to process the information received from Defendants in the form of payroll and punch data. . . . Also, after receiving the class members' contact information, Plaintiffs will need to have an outside agency prepare and mail out contact letters to the class members and thereafter interview the class members in-house."[2] Id. Moreover, plaintiffs argue, they "will suffer significant prejudice if the Court does not grant their motion for leave to amend the complaint to add a class representative and continue the class certification motion filing date, causing irreparable harm and injury to the class should the current Named Plaintiffs be found inadequate representatives. It seems preferable to add Ms. Barragan to the action now, instead of wading through a motion for class certification, having the question of whether Plaintiffs Gould and Sanchez are adequate representatives present

---

     [2]Plaintiffs represent that there are outstanding motions to compel with respect to the discovery requested with respect to payroll and punch data that is "crucial in showing commonality and typicality," along with the identification of putative class members. Mot. at 7. In opposition, defendants argue that this argument is premature, as it assumes that plaintiffs will prevail on their motions to compel. Opp. at 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8157 CAS (FMOx) | Date | February 22, 2011 |
|---|---|---|---|
| Title | MONICA GOULD; ET AL. v. MOTEL 6, INC; ET AL. | | |

with no solution." Id. at 7.

In opposition, defendants argue that plaintiffs' "failure to diligently prosecute this lawsuit [has] created their perceived need for the requested relief," and that plaintiffs cannot demonstrate good cause to amend the Court's scheduling order, as required by Rule 16(b)(4). Opp. at 2. "Plaintiffs' current predicament is based solely on their own lack of diligence. They made minimal efforts to prosecute the case: delaying their investigation; failing to move to name new parties before the deadline expired; failing to notice any depositions; delaying the service of written discovery requests; and delaying the filing of their motion to compel." Id. at 9. Defendants contend that although this suit was filed in August 2009, plaintiffs "did not even serve written discovery requests until June 2010." Id. at 2. Moreover, as to plaintiffs' claims that their inability to timely file their class certification motion is due to defendants' failure to provide discovery responses, defendants argue that they were "justified in refusing to produce this information, as the discovery requests were merely an overbroad, unwarranted fishing expedition." Id. Furthermore, plaintiffs did not file a motion to compel with respect to the disputed discovery requests for an additional three months after defendants' responses were served, and delayed filing the instant motion for over a month after identifying the potential additional class representative. Id. at 3, 10.

"Further, even if Plaintiffs could establish good cause to amend the scheduling order under FRCP 16, they have failed to show that 'justice requires' the Court to grant leave to amend, as is required by FRCP 15." Id. First, defendants argue, plaintiffs have not been diligent, and "offer no explanation as to why it took them over sixteen months to find the new plaintiff." Id. "Plaintiffs filed this motion 16 months after the lawsuit commenced despite knowing for months that Defendants would challenge the adequacy of the current plaintiffs." Id. at 11.

Second, defendants argue, "Plaintiffs [sic] proposed amendment is futile and needless. The new proposed plaintiff is also a housekeeper. She thus would be no more able to represent employees working in other positions than the current Plaintiffs. And, the new plaintiff only worked at one of Motel 6's 168 California properties, adding little, if anything to the putative class representatives' ability to speak to the experiences of employees at all of the remaining properties." Id. at 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8157 CAS (FMOx) | Date | February 22, 2011 |
|---|---|---|---|
| Title | MONICA GOULD; ET AL. v. MOTEL 6, INC; ET AL. | | |

  Third, defendants argue that neither the named plaintiffs nor any putative class member will be harmed by the denial of the motion, because they will have the opportunity to pursue their individual claims even if the motion for class certification is denied. Id.

  Moreover, defendants argue, they will be prejudiced by the requested delay. Id. at 11. They contend that they have "completed a significant part of [their] factual investigation. If leave to amend is granted, Defendants will have to re-interview witnesses, gather and review additional documents, and develop additional defense strategies." Id. For example, defendants argue, they have "already served written discovery, including a request for production of documents to both name[d] Plaintiffs and received responses. Based on those responses, Defendants have already deposed Monica Gould and prepared for the deposition of Patricia Sanchez." Id. at 12. Defendants argue that it would be burdensome to similarly prepare for and depose Barragan. Id.

  The Court concludes that good cause exists under Rule 16(b) to modify the scheduling order to allow plaintiffs to amend their complaint to add Barragan as a class representative and to continue the filing date for plaintiffs' motion for class certification. The Court further finds that leave to amend is proper under Rule 15. The Court is persuaded that plaintiffs have been diligent in attempting to find additional potential class representatives. The Court is satisfied that the amendment is not futile nor made in bad faith. Defendants' arguments regarding the adequacy of the previously named plaintiffs and Barragan are more properly addressed at the class certification stage. The Court is further satisfied that defendants will not be unduly prejudiced, and that the amendment will not cause undue delay, particularly in light of the fact that discovery is ongoing. Moreover, given the addition of Barragan as a putative class representative and the outstanding discovery disputes at issue, it is proper to continue the filing date so that the motion for class certification may be properly briefed.

## IV. CONCLUSION

  In accordance with the foregoing, the Court GRANTS plaintiffs' motion to modify the pretrial scheduling order, for leave to amend their complaint to add Barragan as a class representative, and to continue the filing date for their class certification motion. Plaintiffs shall file their motion for class certification no later than May 30, 2011. Defendants shall then file an opposition no later than June 6, 2011. Plaintiffs shall file a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8157 CAS (FMOx) | Date | February 22, 2011 |
|---|---|---|---|
| Title | MONICA GOULD; ET AL. v. MOTEL 6, INC; ET AL. | | |

reply no later than June 13, 2011. This Court will hear oral argument on the motion on June 27, 2011 at 10:00 a.m.

    IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |