UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

# CIVIL MINUTES - GENERAL

| Case No. | 2:09-cv-08157-CAS(FMOx) | Date | May 29, 2014 |
|---|---|---|---|
| Title | MONICA GOULD ET AL V. MOTEL 6 INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers:) MOTION FOR POSTING OF AN APPEAL BOND BY OBJECTORS (dkt. 131, filed May 8, 2014)

(In Chambers:) MOTION TO STRIKE (dkt. 135, filed May 22, 2014)

The Court finds these motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of June 9, 2014, is vacated, and the matter is hereby taken under submission.

On November 5, 2013, the Court granted final approval of a class action settlement in this case. Dkt. 106. On December 16, 2013, classmembers Natalia S. Absey and Vera Moscaliuc (collectively, "objectors") filed a motion to reconsider and/or vacate the Court's order granting final approval. On January 10, 2014, the Court denied objector's motion, and subsequently denied objectors' motion to amend the Court's order denying their motion to reconsider and/or vacate. Dkts. 120, 124. Objectors appealed. Dkt. 126. Plaintiffs moved, on May 8, 2014, for an order requiring objectors to post an appeal bond. Dkt. 131. On May 22, 2014, objectors filed a motion to strike plaintiffs' motion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:09-cv-08157-CAS(FMOx) | Date | May 29, 2014 |
|---|---|---|---|
| Title | MONICA GOULD ET AL V. MOTEL 6 INC. ET AL. | | |

for an appeal bond.[1]  Dkt. 135.  After considering the parties' arguments, the Court finds and concludes as follows.

Under Federal Rule of Appellate Procedure 7, district courts have the discretion both to determine whether an appeal bond is appropriate and if so, in what amount. Fleury v. Richemont N. Am., Inc., 2008 WL 4680033, at *6 (N.D. Cal. Oct. 21, 2008). "A district court may require an appellant to file a bond . . . in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7.  The Ninth Circuit has emphasized that Rule 7 says "may" instead of "shall." Azizian v. Federated Dep't Stores, Inc., 499 F.3d 950 (9th Cir. 2007).  Some district courts have interpreted Ninth Circuit authority to create a three factor test for deciding whether a Rule 7 bond is proper: (1) the appellant's ability to post a bond; (2) the risk that the appellant will not pay costs if the appeal is unsuccessful; and (3) the likelihood that the appellant will lose his or her appeal and be subject to costs.  Fleury, 2008 WL 4680033, at *7 (applying the reasoning of Azizian, 499 F.3d 950).  A bond is meant to "protect an appellee against the risk of nonpayment by an unsuccessful appellant." Yingling v. Ebay, Inc., 2011 WL 2790181, at *1 (N.D. Cal. July 5, 2011).

Here, the Court finds that, as a general matter, an appeal bond is appropriate. Applying the three factors articulated in Fleury, the Court first notes that objectors do not provide any evidence suggesting that she would be unable to pay the bond.  Cf. Miletak v. Allstate Ins. Co., 2012 WL 3686785, at *2. (N.D. Cal. Aug. 27, 2012) ("With regard to the first factor—namely, the ability to pay an bond—Objector Wilens has presented no evidence that she would be unable to pay an appeal bond. Thus, this factor weighs in favor of imposing an appeal bond.").  The second factor—the likelihood of nonpayment—is neutral, as neither objectors nor plaintiff's have provided any evidence on this point.  Lastly, the Court finds that objectors are likely to be unsuccessful on the

---

[1] This motion to strike asserts that the case is currently on appeal, and that as a result, "There is no basis for filing appeal documents and motions in the district court." Dkt. 135 at 2.  This argument is meritless, as Fed. R. App. P. 7 states that, "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Moreover, objector's motion to strike is better construed as an opposition to plaintiffs' motion for an appeal bond.  The Court instructs objectors to comply with normal briefing procedures, as set forth in the Local Rules for this District.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:09-cv-08157-CAS(FMOx) | Date | May 29, 2014 |
|---|---|---|---|
| Title | MONICA GOULD ET AL V. MOTEL 6 INC. ET AL. | | |

merits of her appeal, for substantially the same reasons stated in this Court's January 10, 2014 order.  Dkt. 120.  The Court therefore concludes that an appeal bond is warranted in this case.

Turning to the amount of the bond, plaintiffs requests a bond of $139,128.33.  Plaintiffs compute this amount based on the increased settlement administration costs during the pendency of the appeal.  District courts are currently divided over whether the incremental costs of settlement administration are properly included within a Rule 7 appeal bond.  In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Products Liab. Litig., 2013 WL 5775118, at *2 (C.D. Cal. Oct. 21, 2013).  "Courts that refuse to impose appeal bonds to cover increased settlement administration costs reason that such costs are not 'costs on appeal' because they are not within the scope of the Rule 39(e) taxable costs or another applicable fee-shifting statute."  Id. at *3 (citing In re Bayer Corp. Combination Aspirin Products Mktg. & Sales Practices Litig., 2013 WL 4735641, at *4 (E.D.N.Y. Sept. 3, 2013)).  The Court finds this reasoning persuasive, and therefore declines to set a bond based on incremental settlement administration costs.

The Court, however, would consider setting a bond based on plaintiffs' expected appeal costs under Fed. R. App. P. 39(e).  See Azizian v. Federated Dep't Stores, Inc., 499 F.3d 950, 958 (9th Cir. 2007) (explaining that Rule 39(e) costs are "costs" within the meaning of Rule 7).  However, plaintiffs have not provided any statement of their anticipated Rule 39(e) costs for the appeal.  Accordingly, if plaintiffs wish to seek a bond based on their anticipated Rule 39(e) costs, plaintiffs may, no later **June 6, 2014**, lodge a declaration with this Court setting forth their expected costs, if any.  At that point the Court will determine if a bond should be required, and if so, in what amount.

In accordance with the foregoing, the Court RESERVES JUDGMENT on plaintiffs' motion for an appeal bond.  The Court hereby DENIES objectors' motion to strike.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |